**PARLANE SPORTSWEAR CO., Inc., et al., Defendants, Appellants,**

v.

**UNITED STATES of America, Plaintiff, Appellee.**

No. 6643.

United States Court of Appeals First Circuit.

Heard March 7, 1966.

Decided May 4, 1966.

Richard A. Kaye, Boston, Mass., with whom Kaye & Fialkow, Boston, Mass., was on brief, for appellants.

Robert I. Waxman, Atty., Washington, D. C., with whom Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attys., Washington, D. C., W. Arthur Garrity, Jr., U. S. Atty., and William B. Duffy, Jr., Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the granting of the government's motion for summary judgment in an action to foreclose a federal tax lien. The basic issue is whether the district court was right in concluding as a matter of law that a fund in the possession of the defendant, Parlane Sportswear Co., Inc., (Parlane) was the property of the defendant taxpayer, Del Ray Sportswear, Inc., (Del Ray) to which the tax lien would attach.

The essential facts are these. Parlane and a company known as Sherry Hill Sportswear, Inc., (Sherry Hill) not a party to this action, are manufacturers of ladies sportswear. Del Ray does contract work for both companies. Del Ray had tax troubles and on October 2, 1962 the Internal Revenue Service made an assessment against it for an unpaid withholding tax deficiency. On the same day the government also gave notice and made a demand for payment of the assessment. Payment not having been received, a notice of federal tax lien was filed with the Town Clerk of Whitman, Massachusetts, on November 2, 1962,[1] and a Notice

1. Del Ray, a Massachusetts corporation, had a place of business in Whitman.

of Levy was served on Parlane on November 8.[2] On said date Del Ray had work in process for Parlane and Sherry Hill. The next day it completed the work it was doing for Sherry Hill but was unable to deliver it because of insufficient funds to pay its employees for the work done. Thereupon an arrangement was made between Del Ray and Parlane whereby the latter advanced the necessary payroll funds to Del Ray[3] with the understanding that the money to be received from Sherry Hill would be turned over to Parlane. At the same time Parlane took an assignment of all funds due Del Ray from Sherry Hill for this work. Del Ray's employees having been paid, the goods were delivered to Sherry Hill and later that day (November 9) Sherry Hill's checks for $1,747.27, payable to Del Ray, were delivered to Parlane's attorney who deposited them in his account and made remittance to his client. The record does not show that Parlane had any dealings with Sherry Hill in regard to this matter prior to November 9 when Sherry Hill delivered the checks. Subsequently, the government brought suit against Del Ray, Parlane and its attorney and obtained a default judgment against Del Ray for $12,180.61. It then moved for summary judgment against Parlane and its attorney to foreclose its tax lien against the fund of $1,747.27 held by Parlane.

In granting summary judgment the district court ruled that the government acquired a valid lien against the personal property of Del Ray on November 2, 1962; that the fund in the possession of Parlane is the property or right to property of Del Ray and that the lien of the United States having been duly recorded takes priority over the rights of Parlane. Accordingly, the court ordered that the tax lien be foreclosed against the fund of $1,747.27 and that Parlane

turn over this fund to the government in partial satisfaction of its judgment against Del Ray. The defendants Parlane and its attorney appeal from this judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ In considering the correctness of a summary judgment as we do here, this court must view the case in a light most favorable to the party against whom the motion has been granted. Poller v. Columbia Broadcasting, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Manganaro v. Delaval Separator Co., 309 F.2d 389, 391 (1st Cir. 1962). The government based its motion upon the complaint and answer, a deposition of the president of Parlane, affidavits of the District Director of Internal Revenue and an Assistant United States Attorney and a certified copy of the recorded notice of federal tax lien. The defendants filed a counter affidavit made by the president of Parlane. This counter affidavit set forth, amongst other things, that Sherry Hill, Parlane and Del Ray are all members of the new New England Sportswear Manufacturers' Association and as such are parties to an agreement between the association and the union, Section 33 of which reads as follows:

"MANUFACTURER RESPONSIBLE FOR WAGE PAYMENTS: Each Employer member of the Association who employs contractors shall be responsible to the members of the Union for the payment or underpayment of their total wages for work done by them on garments made for the Employer, pro-

2. This notice apprised Parlane of Del Ray's tax liability and notified it that all property and rights to property in its possession belonging to Del Ray were being levied upon and seized for satisfaction of this tax liability.

3. In his counter affidavit, the president of Parlane stated that his company advanced these payroll funds by delivering individual checks to the Del Ray employees.

viding such liability shall be limited to wages or underpayment for one full week and provided further that notice of default is given to the Association or the Employer within ten (10) days after such default."

Defendants maintain that under the above section of the agreement,[4] Sherry Hill had an obligation to meet Del Ray's payroll because Del Ray was doing work for Sherry Hill and that this coupled with the events that followed, raised a genuine issue of material fact as to whether the money owed by Sherry Hill was the property or right to property of Del Ray. Thus, they argue, the district court erred in granting summary judgment. In support of its position the defendants advance two alternative contentions under either of which they claim Parlane is entitled to the fund in question. First, they say that since Sherry Hill was obligated to pay Del Ray's employees under Section 33 of the union agreement, when Parlane paid these employees on November 9, it in effect made a loan to Sherry Hill and when Sherry Hill delivered its checks to Parlane's attorney later that day it was actually making payment of this loan. Their second contention rests on the theory of equitable assignment and constructive trust. They argue that since Parlane assumed Sherry Hill's obligation in paying Del Ray's employees, the payment of Sherry Hill to which the government lays claim was due not to Del Ray but to its employees; that Del Ray's only interest in it was as trustee for its employees; that when Parlane paid the employees an equitable assignment was effected in favor of Parlane and the fulfillment of this trust could only occur by delivering the fund to Parlane. Thus, they conclude the government is not en-

titled to the fund since it acquired no greater interest in it than Del Ray had.

■■ It is difficult to see how defendants can prevail on either of these theories. To begin with, there is nothing in the record to support their underlying contention that an obligation had arisen under Section 33 of the union agreement whereby Sherry Hill was required to pay Del Ray's employees for the work performed. There is no showing that Sherry Hill knew the wages on its work were unpaid or that any notice of default was given to the association or to Sherry Hill as provided in Section 33. It seems to us that such a showing must be made before any such obligation arises under the union contract. Certainly Sherry Hill never requested any such loan from Parlane nor under the facts of this case can any be implied. Furthermore there is no indication that Sherry Hill needed money. On the contrary, Sherry Hill paid what it owed upon receipt of the goods from Del Ray. It is clear that any payment by Sherry Hill here was for goods delivered to it by Del Ray and not for unpaid wages. It is equally clear from the record that the reason for Parlane's advance of payroll funds to Del Ray or to its employees was that Del Ray was doing work for Parlane and not because of Del Ray's work for Sherry Hill.[5] On these facts there is no basis for finding that either a loan or a trust in favor of Parlane came into existence as claimed here.

The defendants cite Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1954), for the proposition that in tax matters the substance of a transaction will prevail over the form used by the

4. It is undisputed that Parlane and Sherry Hill are employers and Del Ray is a contractor under this section of the agreement.

5. As stated by its president in his deposition, Parlane advanced money to Del Ray for payroll "when Del Ray notified us * * * that they were unable to make their payroll and the work was going to be stopped unless payroll would

be paid * * *." When asked what Parlane's interest was in advancing money to Del Ray to meet its payroll, he replied "They had my work in process. I had given them * * * substantial amounts of garments * * *. And once work has begun in a contract shop and it's in process it's practically impossible to take it from that shop and give it to some other shop to finish * * *."

parties. From our examination of the record the substance of the transaction in question here is that Parlane advanced certain funds so that Del Ray could meet its payroll upon the understanding that the money Del Ray received from Sherry Hill would be turned over to Parlane. Pursuant thereto it then took a simple assignment [6] of Sherry Hill's debt to Del Ray. This was done after the government's lien had been recorded and notice of levy had been given to Parlane.

We find that as a matter of law the government is entitled to the fund in question and that the district court did not err in granting summary judgment.

Affirmed.

---

6. The president in his deposition and also in his counter affidavit referred to this as an assignment.