Joseph A. **BADWAY**, Defendant, Appellant,

v.

**UNITED STATES** of America, Plaintiff, Appellee.

No. 6707.

United States Court of Appeals First Circuit.

Heard Sept. 12, 1966.

Decided Oct. 20, 1966.

Harold H. Winsten, Providence, R. I., for appellant.

Mark S. Rothman, Atty. Dept. of Justice, with whom Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks and Joseph Kovner, Attys., Dept. of Justice, and Frederick W. Faerber, Jr., U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT

McENTEE, Circuit Judge.

This is an appeal from the judgment of the district court in an action to foreclose two federal tax liens. The essential facts are as follows. On July 18, 1952, the defendants, Joseph G. Roukous, his wife Ilia and his sister, Mary DiLullo, all of Providence, Rhode Island, borrowed $15,000 from the defendant Haddad, a resident of Wareham, Massachusetts, and gave him their promissory note for that amount. The note was secured by a mortgage on real estate located in the Town of Johnston, Rhode Island.[1] Shortly thereafter Haddad became involved in serious tax trouble,[2] and as a consequence notices of federal tax liens were filed against him. These notices were filed on January 20 and March 9, 1953, in the office of the Town Clerk of Wareham, Massachusetts, where Haddad still resided. Some four years later but while the government's tax claims against him were still pending, Haddad transferred this note and mortgage to the defendant Badway, a relative of his, who resided in Rhode Island.[3] At that time the balance on the note was $10,800. Thereafter, when the note matured, the United States and Badway both demanded payment of this balance, but since neither could produce the note in satisfaction of payment, the defendants Roukous and DiLullo refused to pay either of them.

The United States now brings this proceeding to foreclose its tax liens on Haddad's interest in the indebtedness of the defendants Roukous and DiLullo on the note.[4] During the pendency of this action Haddad's tax liabilities were reduced to judgment in the United States District Court in Massachusetts.[5]

---

1. The note was payable five years after date with interest at 5% per annum payable semiannually in advance. Haddad recorded the mortgage deed in Johnston on July 21, 1952, as provided by statute.

2. On December 31, 1952, and again on February 20, 1953, the Commissioner of Internal Revenue made jeopardy assessments against Haddad of $78,404.41 and $21,391.11, respectively, for unpaid income taxes, penalties and interest for the taxable years 1946–1951. Timely notice and demand for payment of these assessments were sent to Haddad but they were not paid.

3. This transfer took place on January 25, 1957, at the office of Haddad's attorney in Boston. Haddad and Badway were both present. Neither the note nor mortgage deed were delivered to Badway at this meeting. Badway recorded the transfer in Johnston, Rhode Island, on April 8, 1957.

4. On December 14, 1961, when this suit was brought, Haddad's whereabouts were unknown. Notice of the pendency of the suit was given to him by publication pursuant to 28 U.S.C. § 1655 but he did not appear or answer the case. All the other defendants were residents of Rhode Island and appeared and answered the case.

5. This suit was commenced in December 1958 and judgment was entered in favor of the United States on April 9, 1962, for $104,722.86 in unpaid income taxes, penalties and interest.

At the trial Badway contended (1) that the tax liens are invalid in that they were not filed in Johnston, Rhode Island, where the mortgaged real estate was located, and (2) that he, not Haddad, owns the indebtedness in question by reason of the above stated transfer for which he says he paid Haddad a present valuable consideration.[6]

The district court found that the transfer of the note and mortgage by Haddad to Badway was fraudulent and without present consideration; that the United States had valid federal tax liens on the indebtedness of the defendants Roukous and DiLullo to the defendant Haddad which are superior to the claim of the defendant Badway and is entitled to foreclose its federal tax liens on this indebtedness.[7] Shortly thereafter, judgment was entered upon the court's findings. From this judgment the defendant Badway appeals.

On appeal this defendant's principal contentions are that the trial court erred in not finding that the tax liens were invalid; that it also erred in finding that the transfer of the note and mortgage to him was fraudulent and without present consideration and finally that this proceeding is untimely and is otherwise barred by the previous Massachusetts action against Haddad.[8]

We do not agree that the trial court erred in upholding the validity of the tax liens. The jeopardy assessments, together with the required notices and demands for payment, all appear to have been timely and legally made. In addition, we think the liens were legally perfected by the filing of the lien notices in the office of the Town Clerk in Wareham, Massachusetts. Badway contends that these liens are invalid because the lien notices were not filed in Johnston, Rhode Island. The short answer to this contention is that here the government is proceeding against the delinquent taxpayer's interest in the *indebtedness* of the defendants Roukous and DiLullo *as evidenced by their unpaid note.* Haddad's interest in this indebtedness is intangible personal property, the situs of which is the domicile of its owner. Baldwin v. State of Missouri, 281 U.S. 586, 50 S.Ct. 436, 74 L.Ed. 1056 (1930). It is undisputed that during this period Haddad resided in Wareham and in recording the tax lien notices there the United States satisfied the requirements of the Internal Revenue Code and complied with the provisions of the Massachusetts statute in perfecting the liens.[9] It seems apparent, therefore, that the government had valid tax liens against the promissory note of the defendants, Roukous and DiLullo, and that these liens attached to the note long prior to its purported transfer from Haddad to Badway. Under these circumstances the United States is entitled to foreclose its tax liens in this case even if the transfer to Badway was not fraudulent. Any rights Badway could acquire under even a bona fide transfer would be subject to the prior valid federal tax liens. Parlane Sportswear Co. Inc. v. United States, 359 F.2d 974 (1st Cir. 1966). Consequently we find it unnecessary to a proper determination of this appeal to decide whether the trial court erred in finding that the transfer from Haddad to Badway was fraudulent and without present consideration. Nor do we find it necessary to consider the merits of defendant's two remaining contentions, namely, that this action is barred by the statute of limita-

6. He also questioned the timeliness of the suit and raised other technical objections.

7. See the district court's opinion, 250 F. Supp. 845.

8. See n. 5.

9. Section 3672(a) (1) of the Internal Revenue Code (1939) provides that notice of federal tax lien shall be filed in the office designated by the law of the state in which the property subject to the lien is situated. Section 24, Chapter 36, General Laws of Massachusetts provides in part that no federal tax lien shall be valid against any person other than the person named in the lien unless it is recorded, in the case of personal property, in the office of the clerk of the city or town in which the person against whom a lien is filed resides or has his usual place of business.

tions and is also barred by operation of the doctrine of res judicata. Even if these defenses had merit the defendant is not entitled to the benefit of either of them now. Under Rule 8(c) of the Federal Rules of Civil Procedure the statute of limitations and res judicata are defenses which must be set forth affirmatively in the pleadings.

 From our examination of the record this defendant did not comply with the requirements of Rule 8(c) [10] and therefore these defenses are deemed to have been waived. Under these circumstances he cannot properly assert or rely upon them in this court on appeal.

All other points raised have been considered and are found to be without merit.

Affirmed.

Freedman, Circuit Judge, dissented in part.

---

10. Neither defense was set forth nor referred to in defendant's pleadings.