Nestor Ayala SERRANO,
Plaintiff, Appellant,

v.

Jorge L. Collazo TORRES, et al.,
Defendants, Appellees.

No. 84–1890.

United States Court of Appeals,
First Circuit.

June 14, 1985.

Luis Angel Lopez Olmedo, Santurce, P.R., on brief, for plaintiff, appellant.

Reina Colon De Rodriguez, Asst. Sol. Gen., San Juan, P.R., with whom Americo Serra, Acting Sol. Gen., San Juan, P.R., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and TORRUELLA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Nestor Ayala Serrano brought this action under 42 U.S.C. § 1983 alleging violations of his civil rights as a result of his incarceration, since January 1978, in the maximum security unit of the State Penitentiary at Rio Piedras, Puerto Rico. Appellant claims that he was stabbed and maimed by an inmate from that prison and that defendants-appellees, the Commonwealth of Puerto Rico, the administrator of the Department of Corrections of the Commonwealth of Puerto Rico, the superintendent of the State Penitentiary, and other state officers and officials, with knowledge of the threats to appellant's physical safety by other inmates, failed to take adequate measures to protect him from attack. Appellant filed an amendment to his complaint to include as a defendant Cruz Lebron Gonzalez, the prison guard who allegedly witnessed the stabbing. Appellant seeks transfer to a minimum security prison and monetary damages.

The magistrate below conducted a hearing to determine whether appellant should be transferred to another institution and found adequate justification for appellant's continued incarceration in the maximum security unit. In compliance with the magistrate's order appellees filed a report enumerating the measures taken to ensure appellant's safety in the prison. Appellees then made a motion to dismiss before the district court arguing that the complaint, which contains only conclusory allegations, failed to state a claim upon which relief can be granted. The district court granted that motion and dismissed the complaint as to all defendants.

■ Appellant's first complaint is not totally devoid of the required specificity. He clearly sets forth the events of May 11, 1983 when, in the presence of an unnamed prison guard, he was stabbed by an inmate and received permanent injuries to his hand. What appellant failed to do, however, was to allege facts showing, for example, that the named defendants knew or should have known *before* the stabbing incident that his safety was in jeopardy and failed to take appropriate precautions, that defendants failed to assist appellant *during* the incident despite their knowledge of the attack, or that defendants failed to take necessary actions *after* the stabbing incident to ensure appellant's continued safety or to provide him with adequate medical treatment.

■ Appellant has alleged no acts or omissions on the part of these defendants which evidence their deliberate indifference to his health or welfare, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), which establish their knowledge of the danger appellant faced, or which link them to the wrongs complained of. Although we read complaints liberally to determine whether the claim alleged "is capable of being supported by any conceivable set of facts", we insist that the claim set forth more than conclusory allegations. *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982). In his earlier complaint, appellant simply alleged no facts to support a claim against appellees for violation of his constitutional rights.[1]

Appellant tried to cure the defects of his earlier complaint by amending it to include the prison guard as defendant. The complaint, as amended, reads:

"6. Defendants have being guilty for such occurrences in that by knowing and

---

1. Moreover, absent a showing of a need to be transferred to another penal institution, appellant has no inherent right to be transferred from one Puerto Rican correctional institution to another. *See Fiallo v. de Batista,* 666 F.2d 729 (1st Cir.1981).

aware of the situations of danger of the life of the petitioner, have not taken the necessary steps and measures for avoiding harm to the petitioner.

7. Specifically on May the 11th, 1983 petitioner was the object of a stabbing by other inmate in front of prison guards, and in front of penal guard Cruz Lebron Gonzalez, whom did nothing to avoid it and there after and up to date, petitioner's life has been in danger, known to defendants, and with no opportunities of transfer to a safer institution...."

Viewing the facts in the light most favorable to the appellant, we believe that as to this defendant, appellant stated a valid claim for relief. It is alleged that the guard had knowledge of the attack on appellant and that the guard did nothing at the time to protect appellant from harm. The amended complaint meets the criteria we announced in *Dewey v. University of New Hampshire*, 694 F.2d at 3; these allegations "set forth minimal facts, not subjective characterizations, as to who did what to whom and why." *Id.*

Appellees argue in defense of the district court judgment that the amendment to the complaint, never affirmatively acted upon by the district court, was time barred when filed on August 16, 1984. The Supreme Court recently concluded in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), that for purposes of choosing the applicable state statute of limitations, section 1983 claims are to be treated as tort actions for the recovery of personal injury damages. The statute of limitations for personal injury in Puerto Rico is one year, P.R.Laws Ann. tit. 31, § 5298 (1968), and appellant's motion to amend his complaint was filed over one year from the date of the stabbing.

■ Appellants argue that defendants are precluded from raising the statute of limitations defense on appeal because they failed to affirmatively plead the issue in compliance with Rule 8(c) of the Federal Rules of Civil Procedure. We disagree. Rule 8(c) requires a party to affirmatively raise the statute of limitations defense in a

responsive pleading. Here defendants never filed an answer to the amended complaint, preferring to file a motion to dismiss under Rule 12(b)(6) of the Federal Rules, and therefore did not have the opportunity to raise their affirmative defenses under Rule 8(c). There is, moreover, no requirement under Rule 12 to affirmatively raise the statute of limitations defense by motion. *See* Fed.R.Civ.P. 12(h).

■ Turning then to the merits, we agree with appellees that looking only to the date of the amendment itself, the amendment to add the prison guard is time barred. However, Rule 15(c) of the Federal Rules of Civil Procedure permits an amendment adding a party to refer back to the initial filing of the action if three conditions are met:

"(1) the claims against the new party arise out of the same occurrence as the claims in the original pleading, (2) the new party received 'notice of the institution of the action' before the limitations period expired, and (3) the new party 'knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.' 6 Wright & Miller, Federal Practice & Procedure § 1498 at 507 (1971)." *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102 (1st Cir. 1979); *Johnson v. Bechtel Associates Professional Corp.*, 717 F.2d 574, 584 (D.C.Cir.1983).

Resolution of these issues in the context of a Rule 15(c) decision "involves inherently factual determinations" and a complete factual record is required. *Johnson v. Bechtel Associates Professional Corp.*, 717 F.2d at 585 (remanded for development of a factual record). *McCurry v. Allen*, 688 F.2d 581, 585 (8th Cir.1982); *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403 (6th Cir.1982). We therefore remand this matter to the district court to decide in the first instance whether prison guard Cruz Lebron Gonzalez may be added as a defendant.

In conclusion, appellant has persuaded us that he has stated a claim with respect to defendant Lebron Gonzalez and, if the

amended complaint is not time barred, we believe that he is entitled to develop his case further. However, we are fully aware that appellant may not have enough of a claim to withstand summary judgment, and we do not intend by our decision to inhibit the subsequent filing of such motion.

*The judgment of the district court is affirmed insofar as it relates to all named defendants except Cruz Lebron Gonzalez and the cause is remanded to the district court with instructions to entertain plaintiff's August 21, 1984 motion to amend the complaint by adding Cruz Lebron Gonzalez as a defendant under Rule 15(c), Fed.R.Civ.P. and for further proceedings in accordance with the opinion filed this date.*