J.P. KING, Petitioner

v.

COMMISSIONER OF REVENUE, GOVERNMENT OF
AMERICAN SAMOA, Respondent

High Court of American Samoa
Trial Division

CA No. 155-87

March 14, 1988

Before KRUSE, Associate Justice, and OLO, Associate
Judge.

Counsel: Petitioner J.P. King pro se
 For Respondent, Martin Yerick, Assistant
 Attorney General

On Motion for Leave to Amend Answer:

Respondent American Samoa Government
(hereafter "ASG",) and its tax office manager, move
the Court for leave to amend their answer filed
herein so as to add a paragraph alleging fraud on
the part of petitioner with regard to the filing of
his 1983 tax return. ASG advances the amendment
under the misnomer "affirmative defense" obviously
with the underlying sentiment of ensuring that
fraud is put at issue to counter any limitations
defenses which petitioner may have.

Petitioner excepts to the amendment for a
number of reasons which the Court finds
inconsequential, although distracting petitioner's
focus from matters for which he should have regard.

This matter arose upon tax payer's pro se
petition for redetermination of an ASG income tax
deficiency determination for tax year 1983 and
noticed upon petitioner by 90 day letter dated
8/24/87. The petition itself fails to plead the
statute of limitations although as a defense, the
statute of limitations must be properly pleaded as
well as proven. Badway v. United States, 367 F.2d
22 (1st Cir. 1966). Failure to plead the statute
of limitations as a defense constitutes a waiver of
that defense. United States v. Gurley, 415 F.2d
144 (5th Cir. 1969). Further, under Tax Court Rule

91

39, a party must set forth in his pleadings any matter constituting an avoidance or affirmative defense, including the statute of limitations. A mere denial thereof in a responsive pleading does not raise the issue. See Rule 39.

After the filing of ASG's answer, and apparently prior to the service thereof upon petitioner, the latter files a motion to dismiss or in the alternative, for declaratory judgment. The moving papers now contain a reference to a "3 year statute of limitations."

Prior to the hearing of the motion, ASG files a responsive argument in opposition as well as a cross motion to amend its answer as aforesaid. At the time set for hearing of petitioner's alternative motions, petitioner withdraws the same without, therefore, the Court considering the merits of the motions and the grounds there raised, including the limitations defense.

The issue is hardly before us, but the question irresistibly arises as to whether a limitations defense has been properly pleaded and therefore raised in accordance with the authorities above cited. If not, then the corollary, of course, is that the issue of fraud so as to prevent the operation of the statute of limitations would not be relevant.

Turning to the merits of ASG's motion to amend its answer, we look to the requirements of Tax Court Rule 41 which provides, inter alia, that, "a party may amend his pleadings . . . by leave of court . . . and leave shall be given freely when justice so requires."

Leave is a matter for the Court's proper discretion and it appearing to the Court that leave would be promotive of justice, the motion is granted.

Petitioner may reply to and address the amended answer pursuant to the provisions of Tax Court Rule 37.

It is so ORDERED.