January 19, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1845

 JOSE E. CARDONA DEL TORO,
 d/b/a TORTUGUERO MOTORS,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 

 

 Before

 Selya, Circuit Judge,
 
 Coffin, Senior Circuit Judge,
 
 and Cyr, Circuit Judge. 
 

 

 Emilio F. Soler for appellant.
 
 John E. Mudd for National Insurance Crime Bureau.
 
 Carlos Lugo Fiol, Assistant Solicitor General, with whom Anabelle
 
Rodriguez, Solicitor General, and Reina Colon de Rodriguez, Deputy
 
Solicitor General, were on brief for the Commonwealth of Puerto Rico
and Ramon Colon Fernandez.
 Maria Hortensia Rios, Assistant United States Attorney, with whom
 
Daniel F. Lopez-Romo, United States Attorney, and Miguel A. Fernandez,
 
Assistant United States Attorney, were on brief for the United States
of America.

 

 

 COFFIN, Senior Circuit Judge. This appeal challenges the
 

district court's dismissal of plaintiff's constitutional tort

claims against the United States, the Commonwealth of Puerto

Rico, officers of both governments, and the National Insurance

Crime Bureau (NICB) as time-barred. We affirm.

 The claims arose from a seizure of allegedly stolen motor

vehicles from plaintiff's car dealership by agents of the FBI,

the Commonwealth of Puerto Rico, and the NICB. The seizure took

place sometime in November, 1988. A complaint, subsequently

amended, was filed on November 1, 1990. All agree that a one-

year statute of limitations applies to all claims. Plaintiff

raised the possible tolling of the limitations period in his

opposition to a motion to dismiss. He cited a June 5, 1989

letter from his attorney to the FBI seeking return of the

vehicles and subsequent undescribed conversations between

plaintiff or his attorney and the FBI.

 The district court announced early in its opinion that

sufficient discovery time had been allowed and that, where

appropriate, it would take cognizance of documents beyond the

pleadings. It subsequently granted summary judgment for

defendants on plaintiff's cause of action seeking return of the

vehicles. In dealing with plaintiff's Bivens claim against the
 

United States and an FBI agent, Maldonado, and with claims under

42 U.S.C. 1983 against the Commonwealth and NICB, the court

first concluded that the June 5, 1989 letter had tolled the

running of the limitations period, but then ruled that more than

a year had passed between that date and the filing of the

complaint. It refused to take account of assertions in

plaintiff's opposition to the motion to dismiss that there had

been subsequent conversations between plaintiff and the FBI. The

court dismissed the claims under Fed. R. Civ. P. 12(b)(6).

 We shall confine our discussion to the dismissal of claims

against FBI agent Maldonado. If that dismissal was proper,

dismissal of the more vulnerable claims against the Commonwealth

and NICB must have been correct.

 We first address whether, in light of Maldonado's failure to

raise the statute of limitations defense, the district court sua
 

sponte could dismiss the claim as time-barred. Appellant cites
 

Badway v. United States, 367 F.2d 22, 25 (1st Cir. 1966), in
 

which we held that a limitations defense not raised "in the

pleadings" was waived. But not only is such a waiver

inapplicable to the power of the court to dismiss a claim on its

own motion, see Leonhard v. United States, 633 F.2d 599, 609 n.11
 

(2d Cir. 1980), but the mandate of Fed. R. Civ. P. 8(c) requiring

affirmative defenses to be set forth in a responsive pleading

does not apply to a motion to dismiss. Compare Fed. R. Civ. P.
 

7(a) and 7(b); see also Serrano v. Torres, 764 F.2d 47, 49 (1st
 

Cir. 1985). 

 Appellant also argues that the district court improperly

dismissed his complaint without permitting him an opportunity to

flesh out his allegations concerning tolling. The allegations

referred not only to the June 5, 1989 letter but also to

 -3-

subsequent conversations between plaintiff (and also plaintiff's

attorney) and the FBI "fully discussing the vehicles' return and

damages compensation." The district court, while accepting

without analysis the tolling effect of the letter, refused to

consider the allegations regarding the conversations since they

were only statements and arguments of counsel in a legal

memorandum.

 We do not reach the question whether sufficient attention

was paid to the post-complaint allegations of tolling

conversations. Rather, we hold that the June 5, 1989 letter

seeking return of the vehicles could not toll the Bivens and 
 

1983 civil rights claims for damages. The letter, addressed to

the FBI director in Puerto Rico, detailed the facts concerning

the seizure of the vehicles and appellant's cooperation with the

FBI and concluded as follows:

 I have withheld any federal court action in the
 expectancy that said cars are returned to my client, to
 no avail. Therefore, I am hereby requesting from you
 the return forthwith of the seized vehicles to my
 client. 

 Our own precedents concerning the requirements under Puerto

Rico law for tolling through extrajudicial claims are clear. As

we said in Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st
 

Cir. 1990), "tolling is effective with regard only to identical

causes of action." Most recently, in Riofrio Anda v. Ralston
 

Purina Co., 959 F.2d 1149, 1154 (1st Cir. 1992), we emphasized
 

that an extrajudicial claim must seek the same relief ultimately

sought in a federal suit if that claim is to have a tolling

 -4-

effect. In so holding, we reaffirmed Hernandez Del Valle v.
 

Santa Aponte, 575 F.2d 321, 323-324 (1st Cir. 1978) (letters from
 

plaintiff demanding only reinstatement held inadequate to

constitute an extrajudicial claim sufficient to toll the statute

of limitations for a suit for damages). Our reasoning and

holding in Del Valle were approvingly noted by the Supreme Court
 

of Puerto Rico in the similar case of Cintron v. Commonwealth of
 

Puerto Rico, No. CE-88-761, slip op., translation, at 11 n.8
 

(Dec. 7, 1990). See also Torres v. Superintendent of Police, 893
 

F.2d 404, 407 (1st Cir. 1990); Fernandez v. Chardon, 681 F.2d 42,
 

49 (1st Cir. 1982), aff'd, Chardon v. Fumero Soto, 462 U.S. 650
 

(1983).

 We see nothing in recent jurisprudence issuing from the

Supreme Court of Puerto Rico that casts doubt on these

precedents. In a recent case, Zambrana Maldonado v. Commonwealth
 

of Puerto Rico, 92 JTS 12, slip op. at 23 (Jan. 30, 1992), the
 

court reiterated standard formulations such as these from

Albaladejo's treatise on civil law: while "a series of

intermediate possibilities" exist between "the mere reminder of a

debt . . . and the pure act of demanding it inexorably,"

interruption of the limitations period requires that "more or

less categorically or urgently, the decision to obtain payment

[must be] shown."

 In Zambrana Maldonado, the claim held sufficient to toll set
 

forth the date, place, events, damages suffered, and expressed

"the unequivocal will of Mr. Zambrana Maldonado to exercise his

 -5-

right to have the Government indemnify him for damages suffered."

Id. at 35. Such presents an extrajudicial claim of far greater
 

specificity and relevance than the mere request for return of

vehicles contained in plaintiff's letter of June 5, 1989.

 We therefore conclude that the one-year limitations period

was not tolled. Dismissal was required as a matter of law.

 Affirmed. 
 

 -6-