983 F.2d 1046
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose E. CARDONA DEL TORO, d/b/a Tortuguero Motors,
Plaintiff, Appellant,
v.
UNITED STATES of America, et al., Defendants, Appellees.
 No. 92-1845.
 United States Court of Appeals,
First Circuit.
 January 19, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Emilio F. Soler for appellant.
 John E. Mudd for National Insurance Crime Bureau. Carlos Lugo Fiol, Assistant Solicitor General, with whom Anabelle Rodriguez, Solicitor General, and Reina Colon de Rodriguez, Deputy Solicitor General, were on brief for the Commonwealth of Puerto Rico and Ramon Colon Fernandez.
 Maria Hortensia Rios, Assistant United States Attorney, with whom Daniel F. Lopez-Romo, United States Attorney, and Miguel A. Fernandez, Assistant United States Attorney, were on brief for the United States of America.
 D.Puerto Rico
 AFFIRMED.
 Before Selya, Circuit Judge, Coffin, Senior Circuit Judge, and Cyr, Circuit Judge.
 COFFIN, Senior Circuit Judge.
 
 
 1
 This appeal challenges the district court's dismissal of plaintiff's constitutional tort claims against the United States, the Commonwealth of Puerto Rico, officers of both governments, and the National Insurance Crime Bureau (NICB) as time-barred. We affirm.
 
 
 2
 The claims arose from a seizure of allegedly stolen motor vehicles from plaintiff's car dealership by agents of the FBI, the Commonwealth of Puerto Rico, and the NICB. The seizure took place sometime in November, 1988. A complaint, subsequently amended, was filed on November 1, 1990. All agree that a one-year statute of limitations applies to all claims. Plaintiff raised the possible tolling of the limitations period in his opposition to a motion to dismiss. He cited a June 5, 1989 letter from his attorney to the FBI seeking return of the vehicles and subsequent undescribed conversations between plaintiff or his attorney and the FBI.
 
 
 3
 The district court announced early in its opinion that sufficient discovery time had been allowed and that, where appropriate, it would take cognizance of documents beyond the pleadings. It subsequently granted summary judgment for defendants on plaintiff's cause of action seeking return of the vehicles. In dealing with plaintiff's Bivens claim against the United States and an FBI agent, Maldonado, and with claims under 42 U.S.C. § 1983 against the Commonwealth and NICB, the court first concluded that the June 5, 1989 letter had tolled the running of the limitations period, but then ruled that more than a year had passed between that date and the filing of the complaint. It refused to take account of assertions in plaintiff's opposition to the motion to dismiss that there had been subsequent conversations between plaintiff and the FBI. The court dismissed the claims under Fed. R. Civ. P. 12(b)(6).
 
 
 4
 We shall confine our discussion to the dismissal of claims against FBI agent Maldonado. If that dismissal was proper, dismissal of the more vulnerable claims against the Commonwealth and NICB must have been correct.
 
 
 5
 We first address whether, in light of Maldonado's failure to raise the statute of limitations defense, the district court sua sponte could dismiss the claim as time-barred. Appellant cites Badway v. United States, 367 F.2d 22, 25 (1st Cir. 1966), in which we held that a limitations defense not raised "in the pleadings" was waived. But not only is such a waiver inapplicable to the power of the court to dismiss a claim on its own motion, see Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980), but the mandate of Fed. R. Civ. P. 8(c) requiring affirmative defenses to be set forth in a responsive pleading does not apply to a motion to dismiss. Compare Fed. R. Civ. P. 7(a) and 7(b); see also Serrano v. Torres, 764 F.2d 47, 49 (1st Cir. 1985).
 
 
 6
 Appellant also argues that the district court improperly dismissed his complaint without permitting him an opportunity to flesh out his allegations concerning tolling. The allegations referred not only to the June 5, 1989 letter but also to subsequent conversations between plaintiff (and also plaintiff's attorney) and the FBI "fully discussing the vehicles' return and damages compensation." The district court, while accepting without analysis the tolling effect of the letter, refused to consider the allegations regarding the conversations since they were only statements and arguments of counsel in a legal memorandum.
 
 
 7
 We do not reach the question whether sufficient attention was paid to the post-complaint allegations of tolling conversations. Rather, we hold that the June 5, 1989 letter seeking return of the vehicles could not toll the Bivens and § 1983 civil rights claims for damages. The letter, addressed to the FBI director in Puerto Rico, detailed the facts concerning the seizure of the vehicles and appellant's cooperation with the FBI and concluded as follows:
 
 
 8
 I have withheld any federal court action in the expectancy that said cars are returned to my client, to no avail. Therefore, I am hereby requesting from you the return forthwith of the seized vehicles to my client.
 
 
 9
 Our own precedents concerning the requirements under Puerto Rico law for tolling through extrajudicial claims are clear. As we said in Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990), "tolling is effective with regard only to identical causes of action." Most recently, in Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1154 (1st Cir. 1992), we emphasized that an extrajudicial claim must seek the same relief ultimately sought in a federal suit if that claim is to have a tolling effect. In so holding, we reaffirmed Hernandez Del Valle v. Santa Aponte, 575 F.2d 321, 323-324 (1st Cir. 1978) (letters from plaintiff demanding only reinstatement held inadequate to constitute an extrajudicial claim sufficient to toll the statute of limitations for a suit for damages). Our reasoning and holding in Del Valle were approvingly noted by the Supreme Court of Puerto Rico in the similar case of Cintron v. Commonwealth of Puerto Rico, No. CE-88-761, slip op., translation, at 11 n.8 (Dec. 7, 1990). See also Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st Cir. 1990); Fernandez v. Chardon, 681 F.2d 42, 49 (1st Cir. 1982), aff'd, Chardon v. Fumero Soto, 462 U.S. 650 (1983).
 
 
 10
 We see nothing in recent jurisprudence issuing from the Supreme Court of Puerto Rico that casts doubt on these precedents. In a recent case, Zambrana Maldonado v. Commonwealth of Puerto Rico, 92 JTS 12, slip op. at 23 (Jan. 30, 1992), the court reiterated standard formulations such as these from Albaladejo's treatise on civil law: while "a series of intermediate possibilities" exist between "the mere reminder of a debt ... and the pure act of demanding it inexorably," interruption of the limitations period requires that "more or less categorically or urgently, the decision to obtain payment [must be] shown."
 
 
 11
 In Zambrana Maldonado, the claim held sufficient to toll set forth the date, place, events, damages suffered, and expressed "the unequivocal will of Mr. Zambrana Maldonado to exercise his right to have the Government indemnify him for damages suffered." Id. at 35. Such presents an extrajudicial claim of far greater specificity and relevance than the mere request for return of vehicles contained in plaintiff's letter of June 5, 1989.
 
 
 12
 We therefore conclude that the one-year limitations period was not tolled. Dismissal was required as a matter of law.
 
 
 13
 Affirmed.