51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony SIRIPATRAPA, Defendant-Appellant.
 No. 94-50151.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided March 24, 1995.
 
 1
 Before: BEEZER and NOONAN, Circuit Judges, and EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Tony Siripatrapa appeals his jury conviction of one count of possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1). He contends that the district court erred in failing to order the Government to immunize two defense witnesses. He also contends that there is insufficient evidence to support the jury conviction and that the district court erred in denying his motion for a new trial. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231 and we have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * Siripatrapa initially argues that the evidence presented at trial is insufficient to sustain his conviction. The evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lennick, 18 F.3d 814, 819 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 5
 The crime of possession of heroin with intent to distribute requires that the Government prove that the defendant (1) knowingly (2) possessed the heroin (3) with intent to distribute it. United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989). Siripatrapa disputes only the sufficiency of the evidence supporting the third element. Contrary to Siripatrapa's contentions, the Government has amply carried this burden.
 
 
 6
 Siripatrapa correctly argues that knowledge is a separate element of the offense which the government must prove. However, we frequently have held that "[p]ossession of a large quantity of cocaine alone may be sufficient to infer both knowledge and intent." United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991) (citation omitted). See also United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.) (possession of one kilogram of heroin alone may be sufficient to show that defendant knew about presence of heroin in his suitcase), cert. denied, 481 U.S. 1023 (1987); United States v. Collins, 764 F.2d 47, 652 (9th Cir.1985). Siripatrapa indisputably possessed a large quantity of heroin.
 
 
 7
 Even though possession of the 4.4 kilograms of heroin alone may be sufficient to support the conviction, the Government also introduced other circumstantial evidence of knowledge. The following evidence was introduced at trial: (1) Siripatrapa frequently traveled to Thailand, a known source country for heroin; (2) He stayed in a hotel in Los Angeles for a few days and paid his bill in cash; (3) He made numerous expensive phone calls to the source of the drugs in Thailand; (4) He left a note in the hotel room detailing plans for the meeting in New York; (5) He appeared nervous to the DEA agents questioning him at the airport; (6) This nervousness changed to extreme nervousness when the agents began to question him about the pictures; and (7) His explanation for the presence of the pictures changed as the agents continued to question him about them.[1] United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.) (knowledge inferred where defendant possessed large quantity of cocaine, was nervous and anxious during questioning at airport, made frequent trips to the United States from source countries and his explanation about possession of the cocaine contained discrepancies), cert. denied, 498 U.S. 961 (1990).
 
 
 8
 The evidence is sufficient to sustain Siripatrapa's conviction for possession of heroin with intent to distribute.
 
 II
 
 9
 Siripatrapa next argues that he was denied his due process right to a fair trial because two potential defense witnesses were denied use immunity for their testimony. He contends that the prosecutor refused to grant the witnesses statutory immunity, 18 U.S.C. Sec. 6002-6003, based on a deliberate intention to distort the fact-finding process.
 
 
 10
 This claim poses mixed questions of law and fact--whether the proffered testimony is relevant and whether the prosecutor engaged in misconduct, and whether based on these facts, Siripatrapa was denied a fair trial. As such, these claims are reviewed de novo. Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 2125 (1994). The district court's factual findings are reviewed for clear error. United States v. Baker, 10 F.3d 1374, 1415 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994).
 
 
 11
 A prosecutor may grant a defense or prosecution witness use immunity when their testimony would be necessary to the public interest. 18 U.S.C. Sec. 6002-6003. A prosecutor's refusal to immunize a defense witness may result in a denial of due process. Jeffers v. Ricketts, 832 F.2d 476, 479 (9th Cir.1987), reversed on other grounds, 497 U.S. 764 (1990). A defendant is denied due process where "the refusal [of a defense witness] to testify is occasioned by prosecutorial misconduct." United States v. Lord, 711 F.2d 887, 890 (9th Cir.1983).
 
 
 12
 The question of whether Siripatrapa was denied due process based on prosecutorial misconduct in refusing to immunize the defense witnesses requires a two-part inquiry. First, the defendant must prove that the evidence to be offered by the defense witness was relevant and, second, that the prosecution deliberately intended to distort the fact-finding process by denying immunity to the witness. Jeffers, 832 F.2d at 479; United States v. Westerdahl, 945 F.2d 1083, 1086 (9th Cir.1991).
 
 
 13
 The testimony offered by Siripatrapa, that of two friends, Wilkus and Yamada, arguably is relevant to the issue of Siripatrapa's knowledge of the presence of the heroin. Siripatrapa submitted affidavits containing a proffer of Wilkus' testimony. Wilkus would testify that he sent the packages containing the heroin to Siripatrapa and that he was unaware that the packages contained illegal drugs. The inference to be drawn is that because Wilkus was unaware of the pictures' contents, Siripatrapa was also unaware. The relevance threshold is a low one, see Westerdahl, 945 F.2d at 1086, and Siripatrapa has met this burden.
 
 
 14
 However, Siripatrapa has not met the second part of the Lord test. Siripatrapa argues that the prosecutor intentionally distorted the fact-finding process because she deliberately provoked Wilkus and Yamada to invoke their Fifth Amendment privilege against self incrimination. He contends that the misconduct is apparent in the prosecutor's unsuccessful attempt to interview Wilkus before raising the Fifth Amendment issue with the trial judge and her request to interview both Wilkus and Yamada after they invoked their Fifth Amendment privileges. Siripatrapa also argues that the prosecutor's statement to Wilkus appointed counsel was a thinly veiled threat that caused Wilkus and Yamada to invoke the privilege.
 
 
 15
 These facts do not support an unrebutted prima facie case of prosecutorial misconduct. The Government made no threats or unduly influenced the witnesses into invoking their Fifth Amendment privileges. The prosecutor's first contact with Wilkus produced no conversation, much less threats and coercion. Moreover, as the district court stated, the prosecutor was duty bound to report her concerns over Wilkus' constitutional rights to the district court. It was the court that interviewed the witness and appointed counsel. See United States v. Touw, 769 F.2d 571, 573 (9th Cir.1985). Finally, Wilkus and Yamada invoked their Fifth Amendment privileges only after they conferred with their appointed counsel. See United States v. Baker, 10 F.3d at 1414. These facts do not support a finding of prosecutorial overreaching. See United States v. Touw, 769 F.2d at 573 (no coercion when prosecutor informed judge in sidebar that the witness on the stand should have counsel appointed, because "without one there will be a complaint waiting for him at the door.").
 
 
 16
 Siripatrapa has failed to set forth an unrebutted prima facie case of prosecutorial misconduct and the district court properly declined to order the Government to immunize two defense witnesses. The district court also correctly declined to consider the issue of judicial immunity.
 
 III
 
 17
 Siripatrapa finally argues that the district court erred in denying his motion for a new trial. This court reviews a denial of a motion for a new trial for an abuse of discretion, United States v. George, 960 F.2d 97, 101 (9th Cir.1992), and the defendant carries a significant burden to show that the district court abused its discretion. United States v. Alston, 974 F.2d 1206, 1212 (9th Cir.1992).
 
 
 18
 One basis of the new trial motion is that the district court should have either immunized Wilkus and Yamada or ordered the Government to do so. Because we hold that the witnesses were not entitled to immunity, Siripatrapa is not entitled to a new trial on this ground.
 
 
 19
 Siripatrapa also argues that the interests of justice require a new trial under Fed.R.Crim.P. 33. Siripatrapa argues that because he was deprived of his key witnesses, and evidence corroborating the witnesses was rendered meaningless, he is entitled to a new trial in order to present other witnesses and evidence. He also states that the jury was expecting this testimony after his opening statement and he misled them by not delivering his promised defense. In a new trial, Siripatrapa states that he will offer the testimony of persons currently in Thailand to support his defense of lack of knowledge.
 
 
 20
 The district court did not abuse its discretion in denying Siripatrapa's motion for a new trial in the interests of justice. First, Siripatrapa does not explain why he could not have sought a continuance until the witnesses in Thailand could arrive to testify. Second, the defense explained in closing that sometimes evidence promised can not be produced. Finally, the district court expressed concern over the jury's reaction to the lack of evidence supporting the opening statement. To solve this problem, the court gave a curative instruction concerning events which may occur which render the presentation of promised evidence impossible.
 
 
 21
 Given the attempts of the court and defense to minimize the adverse impact the lack of defense testimony had on the jury and Siripatrapa's failure to request a continuance, the district court did not abuse its discretion in denying Siripatrapa a new trial.
 
 
 22
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Siripatrapa claims that these last three facts were disputed at trial and as such can not be considered evidence of knowledge. However, Siripatrapa's dispute with this evidence goes to its credibility--which is not subject to review on appeal. United States v. Vaccaro, 816 F.2d 443, 454 (9th Cir.), cert. denied, 484 U.S. 914 (1987)