**R.M. PERRY, Plaintiff,**

v.

**VILLAGE OF ARLINGTON HEIGHTS, a municipal corporation,**

**and**

**James Ryan, Defendants.**

**No. 96 C 8185.**

United States District Court, N.D. Illinois, Eastern Division.

July 30, 1998.

---

R.M. Perry, Desplaines, IL, pro se.

Robert C. Yelton, III, Ryan James Harrington, Jeffrey Edward Kehl, Dowd & Dowd, Ltd., Chicago, IL, for Village of Arlington Heights.

Limo T. Cherian, O'Rourke, McCloskey & Moody, Maura Ann Fennelly, Illinois Attorney General, Chicago, IL, for James Ryan.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff R.M. Perry has filed a three-count amended pro-se complaint[1] in which he seeks declaratory and injunctive relief against defendants James Ryan ("Ryan"), in his capacity as Attorney General of the State of Illinois, and the Village of Arlington Heights ("Village"). Plaintiff challenges the constitutionality of certain portions of the Illinois Motor Vehicle Code and the Arlington Heights Municipal Code that authorize seizure and disposal of abandoned vehicles. Plaintiff has moved for summary judgment against defendants pursuant to Fed.R.Civ.P. 56. Ryan has moved for summary judgment, challenging plaintiff's standing to bring this suit. The Village has moved to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, based on plaintiff's lack standing to bring this suit. For reasons stated below, the court concludes that plaintiff does not have standing and dismisses plaintiff's amended complaint.

On January 5, 1994, plaintiff brought suit against the Village of Arlington Heights challenging the constitutionality of a Village ordinance authorizing seizure of abandoned vehicles. That lawsuit, which arose out of the Village's October 1992 seizure of a vehicle owned by plaintiff, resulted in a finding that several provisions of the Arlington Heights Municipal Code were unconstitutional because they failed to provide adequate notice and an opportunity for a hearing prior to seizure. *See Perry v. Village of Arlington Heights,* 905 F.Supp. 465, 470 (N.D.Ill.1995).

On December 13, 1996, plaintiff commenced the instant case by filing a three count complaint against Ryan and the Village. In Count I, plaintiff sought to challenge a section of the Illinois Motor Vehicle Code (625 Ill. Comp. Stat. Ann. 5/4–201 to 5/4–214), incorporated in the Village Ordinance through Section 18–206, that authorizes seizure and disposal of abandoned vehicles. Previously, this section was found "unconstitutionally deficient in its failure to provide adequate notice and opportunity for a hearing prior to seizure." *Perry,* 905 F.Supp. at 467–68 (citing *Graff v. Nicholl,* 370 F.Supp. 974 (N.D.Ill.1974)). Despite this ruling, the pertinent part of the Illinois Code remains unchanged. Plaintiff also alleged in Count I that the Illinois Code's failure to define abandonment rendered the relevant section unconstitutionally vague. In Counts II and III, plaintiff challenged the Village's seizure and disposal ordinances in Sections 18–223 and 224 on the same vagueness grounds.

This court dismissed plaintiff's original complaint because he had failed to allege and establish standing. *Perry v. Village of Arlington Heights,* 977 F.Supp. 896 (N.D.Ill.1997). Article III of the U.S. Constitution confines the jurisdiction of the federal courts to actual cases and controversies, and the doctrine of standing serves to identify those disputes that are appropriately resolved through the judicial process. *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). To possess standing, a plaintiff must demonstrate that: (1) he personally suffered some actual or threatened injury as a result of the allegedly illegal conduct of the defendant; (2) the

---

1. Although this is a pro se complaint, plaintiff has attended several law schools and is a graduate of the University of Heidelberg Professional Extension Institute. Plaintiff applied to practice law in New York, Pennsylvania, and Washington DC, but is not certain whether he ever received a license in any of these jurisdictions. Plaintiff has shown considerable knowledge of the Federal Rules of Civil Procedure throughout the proceedings in this case.

injury can fairly be traced to the challenged action; and (3) the injury will likely be addressed by a favorable decision in that suit. *See Valley Forge v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). The party invoking federal jurisdiction has the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In its earlier ruling, this court concluded that plaintiff lacked standing because he failed to allege that he ever wanted or needed to park his car in the Village, and because he had not alleged that he was a resident of Illinois. *Perry,* 977 F.Supp. at 898. Without these allegations, plaintiff could not show that he suffered an actual or threatened injury. The court then granted plaintiff leave to file an amended complaint, properly alleging standing, provided he could do so in conformance with Fed. R.Civ.P. 11. *Id.* at 899.

■ Plaintiff filed an amended complaint on October 9, 1997, in which he brought the same constitutional challenges as he did in the original complaint, but he has made additional allegations to establish standing. Plaintiff alleges that at all times pertinent to the complaint he: (1) was a resident of Illinois; (2) had a license to operate an automobile upon the public highways; (3) had at least one automobile at his disposal; (4) needed and desired to park an automobile within the state of Illinois and the Village; and (5) had incurred considerable expense and inconvenience because he had to take public transportation and park in private garages because of a fear of the possibility of being towed. Such allegations, if true, would be sufficient to establish plaintiff's standing for some of his claims.[2] In such a case, plaintiff could show that he suffered both threatened and actual injuries, that such injuries were a result of the challenged statute and ordinance, and that the injuries could be

redressed by declaring the laws unconstitutional.

As the party invoking federal jurisdiction, plaintiff has the burden of establishing the elements of standing. *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. To survive defendants' motions, it was his task to support the allegations of standing in his amended complaint, but he has not. For example, as an essential allegation to support standing, plaintiff alleges that he had a frequent need to operate and park a car in the Village. When questioned on this subject at his deposition, plaintiff did not provide even a single instance in which he had need to do so. In fact, rather than answer questions on the subject, plaintiff "abandon[ed]" the allegation. In response to other questions related to his standing, such as his allegations that he consults physicians and doctors in the Village, plaintiff did not provide the names of any such persons, or any factual support that he actually consulted doctors or physicians in the Village. Additionally, plaintiff struggled to provide the name of even one person from whom he had borrowed a car in the two years prior to filing his amended complaint. In short, plaintiff provided little, if any, information to satisfy the court that plaintiff's standing allegations were anything but empty statements. Because the plaintiff lacks standing, the court lacks jurisdiction over this case and must dismiss it.

Through the submission of supplemental affidavits, plaintiff has attempted to establish standing based on events that occurred subsequent to the filing of both his original and amended complaints. Plaintiff claims that around December 1, 1997, he acquired a 1975 Ford LTD and leased a dwelling in the Village of Arlington Heights. Plaintiff also submitted a supplemental affidavit in which he claims that on January 10, 1998, two days after his deposition had concluded, he "was reminded" of his ownership of several cars that had been in storage for several years. Plaintiff claims that he took one of these cars

---

**2.** Because plaintiff did not allege that he owned a car, he would not be in any position to challenge the notice and hearing provisions. This is so because there would be no way of notifying plaintiff of the possibility of towing a car that he parked in the Village, but did not own. *See Graff* *v. Nicholl,* 370 F.Supp. 974, 983 (N.D.Ill.1974). He would, therefore, have no reason to complain about the lack of adequate notice and hearing. *Id.* He would, however, be in a position to challenge the statute and ordinance on grounds of vagueness.

out of storage and parked it in the Village at his new address.

■ Regardless of whether these actions would be sufficient to establish plaintiff's standing, the court cannot presently consider them. Standing goes to the court's jurisdiction and must exist at the time the action was filed. *Banks v. NCAA,* 977 F.2d 1081, 1085 (7th Cir.1992).

■ The Federal Rules of Civil Procedure provide a mechanism through which a court may consider facts that occur after a complaint is filed. Fed.R.Civ.P. 15(d) provides that upon a motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the party to file a supplemental pleading setting forth occurrences or events that have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original is defective in its statement of a claim for relief or defense. Among other things, a supplemental complaint may correct deficiencies such as lack of standing. *See West v. Sullivan,* 1990 WL 107862, at *3 (E.D.Pa. July 26, 1990). In *West,* the court held that the complaint as it existed failed to establish standing, but granted the plaintiff's motion to file a supplemental complaint to overcome this deficiency. *Id.* at *4. In the instant case, plaintiff could have moved to file a supplemental complaint adding the events described above, but has not.

Fed. R. Civ. P 15(a) instructs courts to provide leave to amend freely when justice so requires. The discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental complaint. *Lewis v. Knutson,* 699 F.2d 230, 239 (5th Cir.1983). The court normally would not hesitate to provide plaintiff leave to file a supplemental complaint in which he could set forth facts that have occurred subsequent to the filing of his original and amended complaints to fully substantiate his standing. In this case, however, plaintiff's behavior makes the court reluctant to do so.

Plaintiff has acted wastefully and dishonestly throughout this litigation. Plaintiff's wastefulness began with his failure to attend three scheduled depositions, eventually re-quiring the court to issue an order compelling him to do so. When plaintiff finally did appear for his deposition, he was extremely uncooperative and evasive. Plaintiff answered almost no questions, instead opting either to object to the question, "abandon" the claim he was questioned about, or disingenuously state that he could not recall information on even the most basic subjects. Then, at his own whim, he terminated the deposition. Later, plaintiff filed a groundless motion to terminate the deposition, which the court rejected, ordering plaintiff to resume his deposition on January 8, 1998. When his deposition resumed, plaintiff was only marginally more forthcoming with his testimony, still claiming he could not recall information as basic as whether he had filed a tax return in Illinois for the prior year.

Equally troubling is plaintiff's apparent dishonesty. For starters, in his responses to defendants' 12(N) statements, plaintiff contradicted his own deposition testimony. For example, during his deposition, plaintiff stated that once he obtained a working vehicle, he intended to "park it where it's in plain view of the street so that the city inspectors can see it when they drive by, and with any luck they will tow it away like they did the other '75 Ford I had." But in his response to the Village's 12(N) statement, he denied ever having made such a comment. Plaintiff also contradicted his deposition testimony that related to the registration and insurance of the 1975 Ford LTD he allegedly acquired in December, 1997.

Additionally, despite the court's warning in its order dismissing the original complaint, plaintiff appears to have ignored his obligations under Fed.R.Civ.P. 11. Rule 11(b)(3) requires that the factual allegations of a complaint have evidentiary support. When plaintiff filed his amended complaint, he included a number of new allegations that were essential to standing. But plaintiff was reluctant to defend these allegations, as evidenced by his unwillingness to attend three scheduled depositions, and his readiness to abandon these allegations at his deposition. It may have been that plaintiff could not defend these allegations because they were untrue.

Plaintiff's behavior notwithstanding, the court will provide plaintiff leave to file a supplemental complaint in which he may allege those facts contained in the supplemental affidavits he has submitted. The court is convinced that this is the most efficient alternative, and will not result in undue delay in the proceedings or undue prejudice to defendants. Accordingly, the amended complaint is dismissed without prejudice. Plaintiff is granted leave to file a second amended complaint consistent with this opinion on or before August 17, 1998, provided he can do so consistent with his obligations under Rule 11. Defendants shall respond thereto on or before August 31, 1998. This matter is set for a report on status on September 1, 1998, at 9:00 a.m. Plaintiff's motion for summary judgment is denied as moot.

