**Rixson Merle PERRY, Plaintiff,**

v.

**VILLAGE OF ARLINGTON HEIGHTS, Defendant.**

No. 94 C 58.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 29, 1995.

**466**

Rixson Merle Perry, pro se.

Charles E. Hervas, James Gus Sotos, Michael William Condon, Michael D. Bersani, Margo Lyn Ely, Hervas, Sotos & Condon, P.C., Itasca, IL, for Village of Arlington Heights.

Thomas George DiCianni, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, for Daniel C. Tarry.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge:

This case arises out of the seizure of a vehicle owned by Plaintiff Rixson Merle Perry by Defendant Village of Arlington Heights and its code enforcement officer Daniel C. Tarry.[1] Perry challenges the constitutionality of the Village ordinance authorizing the seizure of abandoned vehicles and seeks compensatory damages against the Village. Plaintiff filed this action under 42 U.S.C. § 1983 (1988) requesting compensatory damages and declaratory relief. Plaintiff moves for summary judgment on his claims for declaratory relief.

For the reasons stated below, Perry's motion for partial summary judgment is granted.

### Facts

On October 27, 1992, the Plaintiff's 1975 Ford LTD automobile was seized by towing, at the direction of an employee of the Defendant Village of Arlington Heights ("Village"), from a parking lot at 509 North Dunton Street. Before the seizure, the Village had determined Perry's identity and mailing address by inquiry with the Illinois Secretary of State, but made no attempt to notify him by mail until after the seizure. On October 28 the Village sent Perry a notice informing him that payment of certain fees was a precondition to release of the automobile from the Village's custody. At no time did the

---

1. Tarry was a defendant on the Plaintiff's original and first and second amended complaints, which sought compensatory and punitive damages against Tarry. The counts against Tarry in the original complaint were dismissed on the basis of his qualified immunity. *See Perry v. Village of Arlington Heights*, Case No. 94 C 58, 1994 WL 270290 (June 15, 1994). The counts against Tarry in the second amended complaint were dismissed for failure to allege a constitutional violation under 42 U.S.C. § 1983. *See Perry v. Village of Arlington Heights*, Case No. 94 C 58, 1995 WL 32616 (Jan. 24, 1995).

Village provide Perry an opportunity for a hearing as the propriety of either the seizure of the automobile or of the payment of fees as a precondition of its release. Perry paid the required fees and regained custody of his automobile on October 30.

The seizure of Perry's automobile and subsequent demand for payment of fees were pursuant to section 18–206 of the Arlington Heights Municipal Code, which incorporates, by reference, those sections of the Illinois Compiled Statutes that prohibit abandonment of vehicles and provide procedures for the towing and disposal of abandoned vehicles.[2]

### Discussion

 In order to prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). At this stage, we do not weigh evidence or determine the truth of asserted matters. We simply determine whether the there is a genuine issue for trial, i.e., "whether a proper jury question was presented." *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The Plaintiff challenges the municipal ordinance as violative of his Fourteenth Amendment due process rights on four grounds: (1) it does not require the Village to provide the owner of an allegedly abandoned vehicle notification by certified or registered mail setting forth the legal and factual basis for the presumption of abandonment prior to the Village's directing that such vehicle be seized; (2) it does not require the Village to afford the owner of an allegedly abandoned vehicle an opportunity for a hearing in which the owner may contest the presumption of abandonment prior to seizure; (3) it does not require the Village to use certified or registered mail to notify a vehicle owner that the vehicle has been seized and is in jeopardy of disposal; (4) it does not require the Village to afford the owner of a seized vehicle the opportunity for a hearing wherein the propriety of the seizure may be contested prior to the Village's demanding payment of fees as a precondition to release of the seized vehicle.

In a case decided in this district twenty-one years ago on virtually identical facts, a three-judge panel found the portion of the Illinois Motor Vehicle Code[3] authorizing the seizure and disposal of "abandoned" vehicles unconstitutionally deficient in its failure to

---

**2.** Section 18–206, entitled "Abandoned, Lost, Stolen or Unclaimed Vehicles," reads, in its entirety, as follows:

There is hereby adopted, by reference, Sections 4–201 through and including 4–214 of the Motor Vehicle Code of the State of Illinois (Illinois Revised Statutes, Chapter 95½) pursuant to the provisions of the Illinois Municipal Code of 1961, as amended (Ill.Rev.Stat.1977, Ch. 24 § 1–3–2, et seq.; and as thereafter to the present from time to time amended). (Ord. 81–113, Aug. 17, 1981)

The corresponding sections of the Illinois Motor Vehicle Code under the Illinois Compiled Statutes are 625 ILCS 5/4–201 to 214. A summary of its relevant provisions may be quoted from *Graff v. Nicholl,* 370 F.Supp. 974, 979 (N.D.Ill. 1974):

Under the Illinois Motor Vehicle Code, it is unlawful to abandon a motor vehicle on any highway, or on private or public property, other than a highway, unless on property of the owner or bailee of the vehicle. 625 ILCS 5/4–201. A motor vehicle thus abandoned on private property "may be authorized for removal by a law enforcement agency having jurisdic-

tion after a waiting period of 7 days or more has expired." 625 ILCS 5/4–201(b). When an abandoned vehicle is brought to the attention of the municipal police, Illinois State Police, or the county sheriff, that law enforcement agency may authorize towing and storage of the vehicle. 625 ILCS 5/4–202. If the identity of the owner or other person legally entitled to the vehicle is unknown to the agency which authorizes the impounding, a search must be made of the motor vehicle registration records of the Secretary of State; if the person legally entitled to possession is identified by this investigation, notice is to be sent to him by certified mail advising where the vehicle is held, requesting a disposition of the vehicle, and setting forth public sale information. 625 ILCS 5/4–205. The owner may reclaim the vehicle prior to its sale or destruction by proving his ownership or right to possession, and payment of all towing and storage charges. 625 ILCS 5/4–207.

**3.** The court considered the validity of Ill.Rev. Stat. ch. 95½ §§ 4–200 to 4–214, the same sections that are at issue here.

provide adequate notice and opportunity for a hearing prior to seizure. *Graff v. Nicholl*, 370 F.Supp. 974 (N.D.Ill.1974). In *Graff*, the plaintiff was owner of a vehicle that had been parked in the public street across from his house in Chicago with one axle supported by a milk crate. After a month, a city police officer placed a "Police Notice" on the windshield of the car, stating that the car was in violation of the Municipal Code and would be towed and impounded by the police unless it was moved. When the officer returned ten days later, he found the car at the same spot, apparently unmoved and in the same condition, and the notice gone. He then ordered the vehicle towed. The notice placed on the windshield was the only notice directed to the plaintiff prior to the towing of the vehicle. After the vehicle was towed, police determined the owner's identity and sent him a registered letter stating that he could recover his car by payment of a fee. Because he was unable to pay the fee, the vehicle was not released. The applicable statute provided for destruction of the plaintiff's car when fees are not paid within 30 days from mailing of the letter of notification. The plaintiff then brought suit asking for declarative and injunctive relief. The *Graff* court granted the plaintiff's request for declaratory relief, "[d]eclaring those provisions of the Illinois Vehicle Code ... which permit the towing and detention of 'abandoned' motor vehicles, displaying current license plates and/or city registration decals, without any prior notice and an opportunity for a hearing unconstitutional as a violation of the Due Process Clause of the Fourteenth Amendment." *Id.* at 987. The court also held that "where license plates or other registration is displayed on the vehicle, thus enabling identification of the owner," a Police Notice placed on the windshield "must be supplemented by the more dependable notice by registered or certified mail. In addition ... the notice should also advise the recipient of the legal and factual basis for the presumption of abandonment." *Id.* at 984.

The *Graff* court also held that "a hearing must be conducted before one's motor vehicle is towed as abandoned property, or after the impoundment if vehicles in a state of disrepair are towed immediately." *Id.* at 985. Furthermore, a "requirement that towing and storage charges be paid as a precondition to the release of an abandoned vehicle, regardless of whether the owner has been charged with the misdemeanor of abandonment ... or charged but acquitted ... breaches fundamental fairness and further deprives vehicle owners of their property without due process of law." *Id.*

■ The Supreme Court, in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), set forth a three-part test for deciding what procedural safeguards are necessary before the government can deprive someone of property. *See United States v. James Daniel Good Real Property*, — U.S. —, —, 114 S.Ct. 492, 501, 126 L.Ed.2d 490 (1993); *Heller v. Doe*, — U.S. —, —, 113 S.Ct. 2637, 2648, 125 L.Ed.2d 257 (1993); *Chaney v. Suburban Bus Div.*, 52 F.3d 623, 627 (7th Cir.1995). The Mathews test requires a court to consider three factors: (1) the private interest that will be affected by the deprivation; (2) the risk of an erroneous deprivation of that interest by the procedures used, and the probable value, if any, of additional or substitute safeguards; (3) and the government's interest, including the function involved and the fiscal or administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335, 96 S.Ct. at 903.

The private interest affected by the towing of a presumably abandoned automobile is the "uninterrupted access to and use of one's automobile." *Graff*, 370 F.Supp. at 980. "Automobiles are not only costly, but are often indispensable to 'day-to-day living in American society.'" *Kohn v. Mucia*, 776 F.Supp. 348, 358 (N.D.Ill.1991) (*quoting Graff*). The private interest in receiving notice and an opportunity for a hearing before the towing of a presumably abandoned vehicle is therefore substantial.

We turn then to the risk of an erroneous deprivation. Because the ordinance allows the standardless[4] determination by a police officer of when a vehicle has been abandoned,

---

4. The Illinois Vehicle Code does not define abandonment.

the risk that a vehicle not actually abandoned by its owner might be towed is not negligible. It is impossible to account for all the legitimate reasons an owner might leave a vehicle at some spot for a lengthy period of time. Particularly when the vehicle is not in such a location as to cause a safety hazard or, as here, on private property, the risk that an apparently abandoned vehicle is not actually abandoned is even greater.

The second part of the second *Mathews* factor requires us to consider the probable value of any additional or substitute safeguards. Here, the additional or substitute procedure would be notification by registered or certified mail. Such notification would enable the owner of a vehicle deemed abandoned to either move it, thus obviating any need for towing, or to explain a legitimate reason for its being where it is. Because the Illinois Motor Vehicle Code already requires notification of the owner of a towed vehicle by certified mail after towing, 625 ILCS 5/4–205, requiring such notification before towing is no added burden on the government in cases where there is no emergency need for the towing and where, as here, a seven-day waiting period after the Police Notice is provided for.

Finally, the third *Mathews* factor requires us to consider the governmental interest involved. Because a seven-day waiting period is prescribed, the government's interest in immediate towing is evidently low. In addition, the policy of the Arlington Heights Police, instituted since Perry's car was towed, of not towing any vehicles "abandoned" on private property that do not pose a traffic, safety, or health hazard, but of advising the property owner that towing the vehicle is his or her sole responsibility is further indication of the government's negligible interest involved.

The decision in *Graff* was issued before the Supreme Court enunciated the *Mathews* test, but the court's analysis, balancing the private interests in access to and use of one's automobile with the government's interest in towing presumably abandoned vehicles, was along essentially similar lines. *Graff*, 370 F.Supp. at 980–83. We believe that analysis would be undisturbed under a *Mathews* analysis.

A later decision in this district held that application of the *Mathews* test requires notice by certified mail for all towed cars prior to disposal and found that the provision of the Illinois Motor Vehicle Code providing for only first-class mail notice for vehicles more than seven years old and subsequent disposal if no response is received within ten days violates due process. 625 ILCS 5/4–209(b); *Kohn v. Mucia,* 776 F.Supp. 348, 356–59 (N.D.Ill.1991). We note that the provisions of the Illinois Motor Vehicle Code at issue, *see* note 3, *supra,* have remained materially unchanged since the decisions in *Graff* and *Kohn* were issued.

█ The Village challenges Perry's claim for declaratory relief on two grounds. It states first that Perry's claim is moot because, since the filing of this lawsuit, the Village has adopted a policy that complies with due process and that excludes Village towing of vehicles on private property that are similarly situated to that of the Plaintiff. On the contrary, the challenged ordinance is still on the books; it has been neither repealed nor altered. The change is only in the form of an internal policy order within the Arlington Heights Police. There is no evidence that the Village Council is even aware of the police policy, or whether or not it would direct enforcement of the ordinance if it were aware of the policy. Nor is there any guarantee that the police policy would change in response to changes leadership within the department. Furthermore, the fact that the policy directive was made after Perry's complaint was filed, and that the case received some publicity in local Arlington Heights newspapers makes us less confident that a mere policy directive is sufficient to render Perry's claims for declaratory judgment moot.

The Village secondly states that Perry's challenge to the validity of the ordinance must fail because the Illinois Motor Vehicle Code has withstood a due process challenge, citing *Holstein v. City of Chicago,* 29 F.3d 1145, 1148–49 (7th Cir.1994). The Village's reliance on *Holstein* is misplaced. The plaintiffs' cars in *Holstein* were towed because

they were illegally parked; there was no claim that they had been abandoned. The *Holstein* court cited *Sutton v. City of Milwaukee*, 672 F.2d 644 (7th Cir.1982), which holds that the towing of illegally parked cars does not require predeprivation notice and hearing, and held that in such cases the post-towing procedures provided by statute were adequate. *Holstein*, 29 F.3d at 1148. *Sutton* carefully distinguishes its holding in regard to the towing of illegally parked cars from the holding of *Graff* requiring notice and an opportunity to be heard before an abandoned car may be towed. *Sutton*, 672 F.2d at 647 ("Advance notice is feasible in the case of abandoned cars because they are not about to be moved by their owners—that is, of course, the very reason why the authorities take an interest in abandoned vehicles.").

If anything, the circumstances in this case are even less compelling than are those in either *Graff* or *Kohn* for a denial of notice and an opportunity for a hearing. We see no reason to upset the conclusions of either. We therefore reassert the holdings of *Graff* and *Kohn* that adequate notice and an opportunity for a prior hearing are required before a presumably abandoned vehicle whose owner is readily identifiable [5] and that does not pose a safety hazard is towed, that certified or registered mail are required to notify a known owner that a vehicle has been seized and is in jeopardy of disposal,[6] and that an opportunity to be heard on the propriety of a seizure is required before payment of fees may be demanded as a prerequisite of the release of the vehicle. *Kohn*, 776 F.Supp. at 356–59; *Graff*, 370 F.Supp. at 983–85.

### Conclusion

For the foregoing reasons, we hold that the provisions of the Arlington Heights Municipal Code that permit the towing of "abandoned" motor vehicles on private property displaying license plates or other registration sufficient to permit the identification of the owner without notice by registered or certified mail setting forth the legal and factual basis for the presumption of abandonment and without a prior hearing on the abandonment issue, that permit a seized vehicle to be disposed of without prior notice to a known owner by certified or registered mail, and that require payment of fees as a precondition to release of an impounded vehicle without an opportunity to be heard on the propriety of the seizure, are in violation of the due process requirements of the Fourteenth Amendment of the U.S. Constitution.

Plaintiff Rixson Merle Perry's motion for summary judgment on his claims for declarative relief is granted.

---

5. Perry's automobile allegedly had expired license plates. Though the holding of *Graff* applies by its terms to "abandoned" vehicles with current registration, its reasoning goes to the identifiability of an owner, not to the owner's compliance with registration requirements. We surmise that an owner of a vehicle expired license plates is as readily identifiable as one who has kept the vehicle registration current. *Graff*, 370 F.Supp. at 984 ("Since vehicles which do not carry license plates ... do not reasonably permit additional notification to their owners, the indirect ... notice accorded by police sticker is constitutionally acceptable.").

6. A post-towing notice by certified mail would of course not be required where proper pre-towing notice had been made and authorities are already in contact with the owner.