R.M. PERRY, Plaintiff,

v.

VILLAGE OF ARLINGTON HEIGHTS,
a municipal corporation,

and

James Ryan, Defendants.

No. 96 C 8185.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 25, 1997.

R.M. Perry, Desplaines, IL, pro se.

Robert C. Yelton, III, Ryan James Harrington, Jeffrey Edward Kehl, Dowd & Dowd, Ltd., Chicago, IL, for Village of Arlington Heights.

Limo T. Cherian, O'Rourke & Griffin, Chicago, IL, for James Ryan.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff R.M. Perry has filed a three-count complaint for declaratory and injunctive relief against defendants James Ryan ("Ryan"), in his capacity as Attorney General for the State of Illinois, and the Village of Arlington Heights ("Village"). Plaintiff challenges the constitutionality of portions of the Illinois Motor Vehicle Code and the Arlington Heights Municipal Code authorizing seizure and disposal of abandoned vehicles. Defendant Ryan has filed a motion to dismiss for lack of standing, and both defendants have filed motions to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendant Ryan's motion to dismiss for lack of standing is granted, and defendants' remaining motions are denied without prejudice.

### BACKGROUND

On January 5, 1994, plaintiff brought suit against the Village of Arlington Heights challenging the constitutionality of the Village ordinance authorizing seizure of abandoned vehicles. That suit, which arose out of the Village's October 1992 seizure of a vehicle owned by plaintiff, resulted in the granting of plaintiff's motion for partial summary judgment. *See Perry v. Village of Arlington Heights*, 905 F.Supp. 465 (N.D.Ill.1995). The court in that case found several provisions of the Arlington Heights Municipal Code unconstitutional because of failure to provide adequate notice and opportunity for a hearing prior to seizure of a vehicle.[1] *Perry*, 905 F.Supp. at 470.

---

1. Specifically, the court held unconstitutional those provisions of the Arlington Heights Municipal Code which:

(1) permit towing of abandoned motor vehicles on private property without notice to a known owner by certified or registered mail set-

In Count I of his complaint in the instant case, plaintiff cites those same notice and hearing deficiencies in challenging the constitutionality of the Illinois Vehicle Code section authorizing seizure and disposal of abandoned vehicles. Plaintiff alleges that the Village Code (through Section 18–206) incorporates by reference that Illinois seizure and disposal statute. Previously, the Illinois Code section at issue (625 Ill. Comp: Stat. Ann. 5/4–201 to 5/4–214) was found "unconstitutionally deficient in its failure to provide adequate notice and opportunity for a hearing prior to seizure." *Perry*, 905 F.Supp. at 467–68 (citing *Graff v. Nicholl*, 370 F.Supp. 974 (N.D.Ill.1974)). Despite that ruling, the pertinent parts of the Illinois Code "remained materially unchanged" following the *Graff* decision (*see Perry*, 905 F.Supp. at 469), and they appear so even today. Also in Count I, plaintiff alleges that the Illinois Code's failure to define abandonment renders that provision unconstitutionally vague.[2]

In Count II, plaintiff makes the same vagueness allegation about the Village seizure ordinance (Section 18–223). In Count III, he makes the same vagueness allegation about the Village disposal ordinance (Section 18–224). In addition, he alleges that the disposal ordinance incorporates by reference a portion of the Illinois Vehicle Code challenged in Count I, and he challenges that Illinois Code portion, citing notice and hearing deficiencies similar to those alleged in Count I. Finally, plaintiff alleges that the Village disposal ordinance unconstitutionally requires payment of fees prior to release of a seized vehicle without a hearing on the propriety of that seizure.

Plaintiff alleges that he has standing to bring this suit because the Illinois statute at issue subjects him to possible criminal penalties and because the Village ordinances, with their threat of possible seizure and disposal

of his vehicle, force him to use alternate travel routes in order to remain outside the Village. Plaintiff seeks a declaration that the challenged Illinois statute and Village ordinances are unconstitutionally vague, and that the Illinois statute and the Village disposal ordinance are in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution. He also seeks an injunction against defendants barring them from enforcing the challenged statute and ordinances.

Subsequent to the *Perry* decision, the Village modified its ordinance, providing pre-seizure steps that effectively answered all of the court's objections except one: nothing in the revised ordinance requires the pre-seizure notice to set forth "the legal and factual basis for the presumption of abandonment." *Perry*, 905 F.Supp. at 470.

Defendant Village alleges that its current pre-seizure safeguards answer plaintiff's complaint and that plaintiff therefore has failed to state a claim upon which relief can be granted. Defendant Ryan alleges that plaintiff has shown no actual or threatened injury attributable to defendant Ryan or any defendant based on the Illinois Code, and that plaintiff therefore lacks standing to bring this suit against him. Ryan also alleges that plaintiff has failed to state a claim for which relief can be granted.

### DISCUSSION

■ The threshold requirement for bringing a suit in federal court is that the plaintiff present a case or controversy between himself and the defendant within the meaning of Article III of the U.S. Constitution. *See Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). A central element in the case-or-controversy requirement is that the plaintiff have stand-

---

ting forth the legal and factual basis for the presumption of abandonment;

   (2) permit such towing without a prior hearing on the abandonment issue;

   (3) permit a seized vehicle to be disposed of without prior notice to a known owner by certified or registered mail; and

   (4) require payment of fees prior to release of an impounded vehicle without a hearing on the

propriety of the seizure. *See Perry*, 905 F.Supp. at 470.

**2.** The court in *Perry* criticized that failure to define abandonment, noting that allowing such "standardless determination by a police officer of when a vehicle has been abandoned" creates a risk "that a vehicle not actually abandoned by its owner might be towed." 905 F.Supp. at 468–69.

ing to bring the suit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). In order to possess standing, a plaintiff must show three things: (1) that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that the injury is likely to be redressed by a favorable decision in the suit. *See Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982); *see also Northeastern Florida Chapter of the Associated Gen. Contractors of Am. v. Jacksonville*, 508 U.S. 656, 663–64, 113 S.Ct. 2297, 2301–02, 124 L.Ed.2d 586 (1993); *Lujan*, 504 U.S. at 560–61, 112 S.Ct. at 2136–37.

In ruling on a motion to dismiss for lack of standing, the material allegations of the complaint must be accepted as true, and the complaint is to be liberally construed in favor of plaintiff. *See Warth*, 422 U.S. at 501, 95 S.Ct. at 2206; *see also Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). The complaint should not be dismissed unless it appears that plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *See Jenkins*, 395 U.S. at 422, 89 S.Ct. at 1849.

Plaintiff's injury here is not actual but threatened. He suffered an actual injury in the previous case, in which his car was towed by the Village of Arlington Heights pursuant to an ordinance subsequently held to be unconstitutional. *See Perry*, 905 F.Supp. at 466–67, 470. That prior seizure would seem to make the threat of future injury at least a realistic possibility.[3] However, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy ... if unaccompanied by any continuing, present adverse effects." *see O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974). In the instant case, plaintiff asserts such "present adverse effects" when he alleges that, because a motor vehicle driven by him may be subject to seizure and disposal under the Village's ordinances, he uses alternate travel routes to avoid entering the Village. That allegation, coupled with the previous seizure of plaintiff's vehicle, would be enough to show a threat of future injury if the link were stronger between the allegation and the injury. However, plaintiff does not allege that he needs or wants to *park* in the Village, and it is only by being parked that his vehicle would be subject to possible seizure and disposal.

■ Plaintiff also alleges that the challenged Illinois statute, incorporated by reference in the Arlington Heights ordinances, subjects him to possible criminal penalties. If plaintiff can show a threat of possible Village seizure of his vehicle, then there is also a threat that he would be subject to those criminal penalties. Defendant Ryan argues that plaintiff lacks standing because he has not shown any actual or threatened injury attributable to Ryan based on the Illinois Code. Nevertheless, it seems clear that plaintiff *can* allege such a threatened injury. The nexus between Ryan and the threatened injury lies in the incorporation of the Illinois Code in the Arlington Heights ordinances, an incorporation which figured prominently in the *Perry* court's analysis. 905 F.Supp. at 467–69. Further, despite Ryan's allegation that the Attorney General is not charged with enforcement of the statute at issue, it is clear that Ryan, as Attorney General, does have authority to enforce state law. Though only slight reference is made to such authority in the Illinois statutes, *see* 15 Ill. Comp. Stat. Ann. 205/4, it has been held that "the powers and duties of the Attorney General include not only those powers conferred upon him by statute, but also those powers and duties inherent in the office as it existed at common law." *People v. Crawford Distrib. Co.*, 53 Ill.2d 332, 346, 291 N.E.2d 648 (1972). Undoubtedly included is the power and duty to enforce state law. *See People ex rel. Barrett v. Finnegan*, 378 Ill.

---

**3.** Although a prior injury cannot by itself show a threat of future injury, "past wrongs are evidence *bearing on* whether there is a real and immediate threat of repeated injury." *O'Shea*, at 496, 94 S.Ct. at 676 (emphasis added).

387, 392–93, 38 N.E.2d 715 (1941) (noting that Attorney General, as "chief law officer" of state, "may institute, conduct and maintain all such suits and proceedings as he deems necessary for the enforcement of the laws of the State").

Therefore, accepting plaintiff's allegations as true, the court concludes that plaintiff may be able to show a threatened injury, although he has not done so at this point. If he were to show such a threatened injury, then the second part of the test for standing would be met, i.e., plaintiff's injury could be traced to the challenged conduct. If plaintiff were to run afoul of the challenged ordinances and statute, the injury would be inflicted by defendants Ryan and the Village. It follows, then, that the injury is likely to be redressed by a favorable decision, thus meeting the third part of the test. Plaintiff is seeking declaratory and injunctive relief against defendants. If the court were to rule in his favor, declaring the challenged provisions unconstitutional and enjoining defendants from enforcing them, plaintiff's injury would be redressed.

Therefore, the court concludes that plaintiff has failed to allege standing in this case as to both defendants because the complaint does not allege that he ever parks or wants to park his car in the Village. Moreover, the complaint does not allege that plaintiff is a citizen or resident of Illinois. The question of where he resides would seem to have significant bearing on whether plaintiff's injury were truly threatened or instead merely "conjectural or hypothetical." *Northeastern Florida,* 508 U.S. at 663, 113 S.Ct. at 2302. In *Valley Forge,* where plaintiffs residing in Maryland and Virginia challenged the transfer to a religious organization of government property located in Pennsylvania, the Supreme Court noted that "[plaintiffs'] claim that the Government has violated the Establishment Clause does not provide a special license to *roam the country* in search of governmental wrongdoing and to reveal their

discoveries in federal court." 454 U.S. at 487, 102 S.Ct. at 766 (emphasis added).

Because this is a Rule 12(b) motion to dismiss for lack of standing, the court is limited to the material allegations of the complaint,[4] which must be liberally construed in favor of plaintiff. *See Jenkins,* 395 U.S. at 421, 89 S.Ct. at 1849. However, even read liberally, the complaint lacks the necessary allegations to establish standing. Accordingly, defendants' motions are granted with respect to plaintiff's standing, and denied without prejudice with respect to the remaining issues. Because standing is a threshold issue, plaintiff is granted leave to file an amended complaint, properly alleging standing, if he can do so in conformance with Fed.R.Civ.P. 11.

### *CONCLUSION*

For the reasons set forth above, defendant's motion to dismiss for lack of standing is granted, and defendants' remaining motions are denied without prejudice.

---

4. If this were a motion for summary judgment, the situation would be different. Plaintiff would then be required to go beyond the "mere allegations" of the complaint and " 'set forth' by affidavit or other evidence 'specific facts.' " *Lujan,* 504 U.S. at 561, 112 S.Ct. at 2137 (citing Fed.R.Civ.P. 56(e)). In order to establish standing at the summary judgment stage, "a factual showing of perceptible harm" is required. *Id.* at 566, 112 S.Ct. at 2139.