**Rixson Merle PERRY, Plaintiff–Appellant,**

**v.**

**VILLAGE OF ARLINGTON HEIGHTS, a municipal corporation, and James E. Ryan, Attorney General of the State of Illinois, Defendants–Appellees.**

No. 98–3405.

United States Court of Appeals, Seventh Circuit.

Argued May 18, 1999.

Decided July 27, 1999.

William J. Lohmeier (argued), Arlington Heights, IL, for Plaintiff–Appellant.

Robert C. Yelton, III, Dowd & Dowd, Chicago, IL, for Defendant–Appellee Village of Arlington Heights.

G. Christopher Slick (argued), Office of the Attorney General, Civil Appeals Division, Chicago, IL, Limo T. Cherian, O'Rourke, McCloskey & Moody, Chicago, IL, for Defendant–Appellee Ryan.

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

KANNE, Circuit Judge.

Rixson Merle Perry brought this action against defendants James Ryan, Attorney General of the State of Illinois, and the Village of Arlington Heights, challenging the constitutionality of certain portions of the Illinois Motor Vehicle Code (incorporated into the Arlington Heights Municipal Code) and other sections of the Arlington Heights Municipal Code that authorize the seizure and disposal of abandoned vehicles. Perry asserted that the challenged

portions of these codes were unconstitutionally vague and violative of the Due Process Clause of the Fourteenth Amendment. The district court granted the defendants' motion to dismiss Perry's amended complaint after concluding that he lacked standing to challenge the portions of the codes at issue. A plaintiff's standing to sue is a question of law we review *de novo*. *See Doe v. County of Montgomery*, 41 F.3d 1156, 1158 (7th Cir.1994). "Where the district court's resolution of a standing question involved disputed factual matters, we will accept the district court's factual findings unless they are clearly erroneous." *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir.1996).

Perry originally filed a three count complaint before the district court. Count I challenged a section of the Illinois Motor Vehicle Code authorizing the seizure and disposal of abandoned vehicles. This section has been incorporated into the Arlington Heights Municipal Code by § 18–206 of that code. Perry's complaint asserted that this section failed to provide adequate notice and an opportunity to be heard regarding the seizure of an abandoned vehicle and was unconstitutionally vague because of its failure to define abandonment. Although this section was previously found to be "unconstitutionally deficient in its failure to provide adequate notice and opportunity for a hearing prior to seizure" in a separate suit involving Perry in which his car was actually towed while parked in Arlington Heights, *see Perry v. Village of Arlington Heights*, 905 F.Supp. 465, 467–68 (N.D.Ill.1995), this section has not been changed. Counts II and III challenge Arlington Heights's seizure and disposal ordinances, §§ 18–223 and 224, on vagueness grounds.

The district court dismissed Perry's original complaint in this case because he failed to allege facts sufficient to establish standing. *See Perry v. Village of Arlington Heights*, 977 F.Supp. 896 (N.D.Ill. 1997). The original complaint did not contain any allegation that Perry wanted or needed to park in Arlington Heights and failed to allege that Perry was a citizen of Illinois. The district court concluded that in the absence of such allegations, Perry could not show that he suffered an actual or threatened injury necessary to establish standing.

After the dismissal of his original complaint, Perry filed an amended complaint setting forth the same constitutional challenges as in the original complaint, along with additional allegations intended to establish standing. As identified by the district court, these new allegations provided that at all times relevant to the complaint, Perry: (1) was a resident of Illinois; (2) had a license to operate an automobile upon the public highways; (3) had at least one automobile at his disposal; (4) needed and desired to park an automobile within the state of Illinois and Arlington Heights; and (5) had incurred considerable expense and inconvenience because he had to utilize alternate means of transportation and had to park in private garages because he feared the possibility of being towed.

Despite the new allegations contained in the amended complaint, the district court still concluded that Perry did not have standing and dismissed Perry's complaint. The district court found that Perry did not have standing to pursue the notice and opportunity to be heard challenges he asserted in Count I of his complaint because he did not allege that he owned an automobile, and, therefore, there would be no way of notifying Perry of the possibility of his car being towed if such notice was constitutionally required. Although the new allegations in the amended complaint, if true, may have been sufficient to establish standing with respect to his remaining vagueness challenges in Counts II and III, the district court concluded that the answers Perry provided to certain questions posed during his deposition demonstrated that these new allegations were either false or without support. During his deposition, Perry could not recall any vehicles he had at his disposal on the day he filed

his complaint and abandoned his allegation that he had at least one automobile at his disposal at all times pertinent to the complaint. Moreover, Perry abandoned the allegation that he had a need to operate and park an automobile within Arlington Heights. Rather than providing support for the allegations he made to establish standing, Perry attempted to establish standing by submitting supplemental affidavits demonstrating that he maintained residency in Arlington Heights by renting an apartment and that he had obtained title to an automobile. The district court refused to consider the supplemental affidavits and also noted that because the rental of the apartment and his purchase of an automobile occurred after Perry filed his complaint, these facts would be insufficient to support standing.

Although the district court refused to consider Perry's supplemental affidavits, the court did provide Perry with leave to file a supplemental complaint. Despite being afforded this opportunity, Perry chose to appeal the district court's decision on the issue of standing. Perry also appeals the district court's decisions to postpone ruling on his motion for summary judgment, to permit the defendants to depose Perry, and to refuse to consider Perry's supplemental affidavits.

■■ The Supreme Court has characterized the doctrine of standing as "an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). A party seeking to invoke a federal court's jurisdiction must demonstrate three things: (1) an "injury in fact," which is an invasion of a legally protected interest that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical,"

*Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 (citations and footnote omitted); (2) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant and not from the independent action of some third party not before the court, *see id.* at 560–61, 112 S.Ct. 2130 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)); and (3) a likelihood that the injury will be redressed by a favorable decision, *id.* at 561, 112 S.Ct. 2130; *see also Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (noting that the prospect of obtaining relief from the injury as a result of a favorable ruling must not be too speculative). These three elements have been described as the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130.

■■ The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *See Lujan*, 504 U.S. at 561, 112 S.Ct. 2130. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *Id.* It is certainly true that in ruling on a motion to dismiss for lack of standing, the well-pleaded allegations of the complaint must be accepted as true. *See Warth*, 422 U.S. at 501, 95 S.Ct. 2197. However, "[w]here standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with 'competent proof.'" *Retired Chicago Police Ass'n*, 76 F.3d at 862. "Competent proof" requires a showing by a preponderance of the evidence that standing exists. *See NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995).

 In the present case, we need look no further than the first element—the existence of an injury in fact—to see that Perry does not have standing to pursue his constitutional challenges against the seizure and disposal sections of the Illinois Motor Vehicle Code and the Arlington Heights Municipal Code presently at issue. Perry's complaint does not allege that he owned an automobile; therefore, the district court properly found that he did not have standing to assert his notice and opportunity to be heard challenges set forth in Count I. Furthermore, although Perry made allegations in his complaint that would satisfy this standing requirement with respect to the vagueness claims found in Counts II and III (as the district court recognized), Perry's answers to the questions posed to him during his depositions make it abundantly clear that these allegations are nothing short of false and insufficient to establish an injury in fact. For starters, in addition to not alleging ownership of a motor vehicle in his amended complaint, Perry abandoned nearly every allegation of his amended complaint that supported his claim of standing. During his depositions, Perry had no recollection of any vehicles he had at his disposal at the time he filed his complaint and abandoned the allegation that he had a vehicle at his disposal at all times relevant to the complaint. Needless to say, however, the allegation abandoned by Perry that most directly and completely bears on the issue of standing is his allegation that he had a need to operate and park an automobile within Arlington Heights. In the absence of any support for the allegation that he needed to operate and park an automobile within Arlington Heights at the time the suit was filed, Perry cannot make a showing that he suffered an actual or imminent threat of concrete and particularized injury merely by asserting that any person who has occasion to park an automobile in Arlington Heights has standing to challenge the code sections at issue. The doctrine of standing is simply not that broad.

 It is apparent from his deposition testimony that Perry believed that by subsequently establishing residency in Arlington Heights through the rental of an apartment and by obtaining title to an automobile, he no longer needed to rely on the allegations made in his amended complaint to satisfy the requirements of standing. Perry readily admitted in his deposition that he rented an apartment in Arlington Heights and obtained title to an automobile solely to establish standing. However, Perry did not rent this apartment or obtain title to the automobile until after he filed his complaint in this case. Because standing goes to the jurisdiction of a federal court to hear a particular case, it must exist at the commencement of the suit. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (defining standing as the requisite personal interest that must exist at the commencement of the litigation) (citation omitted). It is not enough for Perry to attempt to satisfy the requirements of standing as the case progresses. The requirements of standing must be satisfied from the outset and in this case, they were not. For this reason, we conclude that Perry does not have standing to pursue the constitutional challenges he asserts in the case before us.

 We also find no abuse of discretion in the district court's decisions to postpone ruling on Perry's motion for summary judgment and to grant the defendants' request to depose Perry. Furthermore, the district court did not err by refusing to consider Perry's supplemental affidavits addressing facts that arose after the filing of Perry's complaint. If Perry wants to present new facts to the district court, Rule 15(c) of the Federal Rules of Civil Procedure provides the proper mechanism by which a party may supplement a pleading with transactions, occurrences, or events which have transpired since the date of the pleading sought to be supple-

mented. The judgment of the district court is AFFIRMED.