In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2508

Rixson Merle Perry,

Plaintiff-Appellant,

v.

John Sullivan,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 5899--Joan B. Gottschall, Judge.


Argued February 7, 2000--Decided March 14, 2000


Before Kanne, Rovner and Evans, Circuit Judges.

Kanne, Circuit Judge.  Two years and a month after a traffic accident that caused the plaintiff, Rixson Perry, to incur some legal difficulty, he filed a one-count lawsuit claiming that a false arrest violated his civil rights. The statute of limitations for such claims requires the complaint to be filed within two years, and the defendant, Police Officer John Sullivan, eventually moved for dismissal on that ground. We say "eventually" because the motion to dismiss did not come until two more years had passed since the accident. In a show of chutzpah, Perry argued that Sullivan waited too long to have Perry's suit thrown out. The district court held that a statute of limitations defense asserted in the defendant's first answer to the complaint has not been waived even though significant time has elapsed since the filing of the complaint. We agree and affirm the district court's dismissal of Perry's claim.

I.  History

The animosity between Perry and the Village of Arlington Heights, for whom Sullivan worked, stretches back to 1992 when the village towed Perry's 1975 Ford LTD from a private parking lot. The village believed Perry's vintage automobile to be abandoned and towed it pursuant to a municipal ordinance. Perry took umbrage at such

treatment of his beloved LTD and sued the village, claiming that the removal of the properly licensed and legally parked car without prior notice to its owner deprived him of his Fourteenth Amendment right to due process. The district court agreed and struck down the ordinance as unconstitutional. Perry v. Village of Arlington Heights, 905 F.Supp. 465 (N.D. Ill. 1995)./1

On August 7, 1994, as his case progressed toward summary judgment, Perry was involved in a traffic accident in Arlington Heights. Sullivan arrived at the scene. What transpired between Sullivan and Perry is a matter of strong disagreement, but in the end, Sullivan issued Perry a ticket and required him to drive himself to the police station and post bond. Perry spent about an hour at the station dealing with the paperwork. Whether that hour constituted an arrest, as Perry contended, and whether animosity toward Perry over the pending lawsuit motivated Officer Sullivan, we need not address. It is sufficient for purposes of this appeal that all parties agree on the date of the "arrest," which they do. Perry, who is no stranger to jurisdictional standing problems, see footnote 1 supra, alleged that Sullivan threatened him at the accident scene by saying, "Every cop in this town is out to get you. If you want to stay healthy, in one piece and out of jail, either drop your lawsuit against us or stay out of Arlington Heights."

On September 13, 1996, Perry filed a one-count complaint against Sullivan, alleging false arrest. Without causing the complaint to be served, Perry filed a three-count complaint on September 18, 1996, naming Sullivan and Arlington Heights as defendants. The amended complaint, filed pursuant to 42 U.S.C. sec. 1983, alleged that Sullivan and the village deprived Perry of various civil liberties by falsely arresting and prosecuting him. Sullivan and the village moved to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and District Judge Joan Gottschall granted the motion without prejudice.
Perry then filed a second amended complaint, alleging two counts of constitutional violations. First, Perry alleged that Sullivan denied him due process by falsely certifying the information in the traffic ticket. Second, he alleged that Sullivan's threat denied him the right to seek redress in the federal courts. Judge Gottschall ordered Sullivan to respond to the claims that Perry was denied due process by being cited without probable cause and deterred from accessing the federal courts.

Sullivan responded with a motion to dismiss, arguing that the second amended complaint failed to state a claim because the Fourteenth Amendment does not require a full investigation prior to an arrest or issuance of a ticket. Judge Gottschall ordered briefing on the motion, at which point Perry first alleged that Sullivan violated his right to travel and associate freely. Following briefing, Judge Gottschall dismissed all of the claims except for the false arrest and imprisonment action.

On September 22, 1998, Perry filed a third amended complaint, stating many of the same facts and allegations involving false arrest and false imprisonment. In response, Sullivan moved to dismiss on the ground that the false arrest and imprisonment claims filed in September 1996 were barred by a two-year statute of limitations running from the August 1994 incident. Perry admitted that the limit had run on his claims before they were filed but argued that Sullivan waived that defense by not asserting it in response to the first three versions of the complaint.

On May 12, 1999, Judge Gottschall ruled that the statute of limitations defense had not been waived because Sullivan had never been required to file an answer to the first three complaints. In a novel twist, Perry appealed to the equitable powers of the court that he had been prejudiced by Sullivan's failure to pursue quickly a defense that would have unquestionably resulted in victory for Sullivan. Judge Gottschall rejected this argument as well.

## II. Analysis

On appeal, Perry raises the straightforward question of whether a defendant waives a statute of limitations defense by failing to raise it before the defendant files the answer. The statute of limitations on a sec. 1983 complaint begins to run on the date of the arrest, rather than the date of the subsequent state court adjudication. See Kelley v. Myler, 149 F.3d 641, 645 (7th Cir. 1998). Perry's time to file, pursuant to the Illinois statutory limit on personal injury claims, expired on August 7, 1996, a month before he filed suit. Perry admits that he missed the deadline, and Sullivan moved to dismiss on the limitations defense on October 8, 1998. The district court held that "[s]ince defendant has raised its limitations defense before even filing a responsive pleading, the court declines to find that it has been waived." We review de novo a district court's decision to dismiss a claim on a statute of limitations defense, accepting as true all of plaintiff's

factual allegations and the reasonable inferences drawn from them. See Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 669 (7th Cir. 1998).

Rule 12(b) of the Federal Rules of Civil Procedure requires that "[e]very defense . . . shall be asserted in the responsive pleading." Fed. R. Civ. P. 12(b). The rule makes an exception for certain enumerated defenses which may "at the option of the pleader be made by motion [before pleading]." Id. The rule makes it clear that defenses must be asserted in the response to the complaint, but that certain defenses may be asserted even earlier. In addition, Rule 8 specifically requires statute of limitations defenses to be stated in the defendant's responsive pleading, but does not impose a separate time limit on when that affirmative defense must be raised if the responsive pleading comes months or years after the filing of the complaint. Fed. R. Civ. P. 8(b)-(c). Finally, Rule 7 distinguishes between "pleadings," which include "an answer," and "motions and other papers." Fed. R. Civ. P. 7. This distinction clarifies that the use of the word "pleading" in Rule 8 includes the answer, but not other motions.

Case law holding that limitations and other affirmative defenses must be filed with the defendant's response are legion. See, e.g., Johnson v. Sullivan, 922 F.2d 346, 355 (7th Cir. 1990) (holding that party "must raise this 60-day statute of limitations in a responsive pleading as an affirmative defense or it will be considered waived."); Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc., 649 F.2d 530, 534 (7th Cir. 1981) ("The Federal Rules of Civil Procedure require a defendant to plead all his affirmative defenses in the answer to the complaint."); Roe v. Sears, Roebuck & Co., 132 F.2d 829, 832 (7th Cir. 1943); Serrano v. Torres, 764 F.2d 47, 49 (1st. Cir. 1985). The First Circuit stated the principle applicable to Perry's situation succinctly:

Rule 8(c) requires a party to affirmatively raise the statute of limitations defense in a responsive pleading. Here defendants never filed an answer to the amended complaint, preferring to file a motion to dismiss under Rule 12(b)(6) of the Federal Rules, and therefore did not have the opportunity to raise their affirmative defenses under Rule 8(c). There is, moreover, no requirement under Rule 12 to affirmatively raise the statute of limitations defense by motion.

Serrano, 764 F.2d at 49 (citation omitted). Likewise in Buckley v. Fitzsimmons, 20 F.3d 789, 793 (7th Cir. 1994), we held that an affirmative

defense pleaded in the first response, five years after the complaint, had not been waived.

Citing for support Venters v. City of Delphi, 123 F.3d 956 (7th Cir. 1997), Perry contends that "the statute of limitations is an affirmative defense which is waived if not pled." Perry mischaracterizes that case. Venters, in accord with the rules and cases cited above, states that Rule 8(c) "requires a defendant to plead a statute of limitations defense and any other affirmative defense in his answer to the complaint." Id. at 967. Thus, that case does not hold that a defendant waives a defense by failing to plead it before filing the response.

Motions under Rule 12(b) serve to clarify a plaintiff's complaint by forcing the defendant, under penalty of dismissal, to state in plain and concise terms a claim under which relief could be granted. Fed. R. Civ. P. 12. Allowing the defendant to file these motions before the answer helps the defendant to understand the complaint clearly before filing a response. Requiring the defendant to plead all affirmative defenses before the complaint has been clarified would defeat the purpose of the pleading rules. No cases hold that this is the rule.

Perry had more than two years to work on drafting a coherent and facially valid complaint. Until he did so, Sullivan was not required to answer. Therefore, we hold that Sullivan did not waive his statute of limitations defense by waiting to file it until after the 12(b)(6) motions had run their course. As Judge Gottschall rightly indicated, Perry's claim that he has been prejudiced because Sullivan did not have Perry's case dismissed more quickly is frivolous. Even if this argument made sense, Perry cited no authority for this proposition and devoted less than one sentence in the brief to it. Therefore, it is deemed waived. See United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991).

Finally, Perry contends that the threat allegedly made to him by Sullivan constitutes a continuing harm because it infringed his right to travel and associate. As a continuing harm, it is not subject to the statute of limitations defenses, he argues. Arguments raised for the first time on appeal are routinely deemed waived. See, e.g., Hoeller v. Eaton Corp., 149 F.3d 621, 625 (7th Cir. 1998). Perry attempts to evade this rule by arguing that in Rule 12(b)(6) scenarios, plaintiffs are allowed to argue new facts and theories on appeal so long as they are consistent with the complaint. See Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir. 1992). However, Perry's complaint was dismissed as time

barred, not for failure to state a claim, and he does not benefit from the liberal pleading rules allowed under Rule 12. Allowing him to recharacterize his complaint as a continuing harm would not alter the fact that he knew of his alleged injury in August 1994 and should have filed his complaint by August 1996.

III.  Conclusion

Because Perry failed to file his complaint within two years, it was barred by the statute of limitations, a defense that Sullivan did not waive by waiting to assert until he filed his response. The decision of the district court is

Affirmed.

/1 Flush with the taste of victory, the litigious Perry filed another suit challenging the Illinois state vehicle abandonment statute, but saw his winning streak cut short by his total lack of standing. See Perry v. Village of Arlington Heights, 977 F.Supp. 896 (N.D. Ill. 1997). Undeterred by the bitter taste of defeat, Perry filed an amended complaint in an attempt to establish standing, but this too was dismissed for lack of standing. See Perry v. Village of Arlington Heights, 180 F.R.D. 334 (N.D. Ill. 1998). We affirmed the dismissals at 186 F.3d 826 (7th Cir. 1999). Cf. Perry v. Pogemiller, 16 F.3d 138 (7th Cir. 1993) (imposing sanctions on Rixson Perry for frivolous appeal).