**Carlos GAITHER, Petitioner–Appellant,**

v.

**Rondle ANDERSON, Respondent–Appellee.**

No. 00–3422.

United States Court of Appeals, Seventh Circuit.

Submitted May 3, 2001 *.

Decided May 14, 2001.

Before FAIRCHILD, BAUER and POSNER, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

## ORDER

Indiana prisoner Carlos Gaither was deprived of 30 days of earned credit time and demoted to a lower credit time earning class after being found guilty of battery. He challenged the sanction by petitioning for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his disciplinary hearing did not satisfy the minimal standards of due process. The district court denied the petition, and we affirm.

Gaither was cited with rioting following a disturbance involving him and several other inmates at Indiana State Prison. Notice was given, and a disciplinary hearing was held, at which Gaither presented statements from three other offenders that Gaither had not participated in the fight. Their testimony, however, was directly contradicted by an officer's statement that he observed Gaither "throwing punches at two (2) unknown white offenders." Another officer stated that he "saw Gaither run up on offender Weston and Pawn and start assaulting them for absolutely no reason at all. That's what started the whole thing."

After reviewing all these statements and a conduct report summarizing the officers' statements, the Conduct Adjustment Board (CAB) found Gaither guilty as charged. Gaither appealed the decision to the facility head, who found that Gaither had participated in an "assaultive incident" but that that incident did not rise to the level of a riot. Accordingly, he modified the charge from rioting to battery, leaving intact the sanctions imposed by the CAB. The final reviewing authority affirmed.

Because Gaither has a liberty interest in the good-time credits at stake in this case, see McPherson v. McBride, 188 F.3d

submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

784, 785 (7th Cir.1999), those credits could not be taken from him in a prison disciplinary hearing without the minimal safeguards afforded by due process. *See Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985). As best we can tell from his brief, Gaither maintains that he was not given all the process due him for two reasons. First, he claims that the battery conviction was not supported by "some evidence," as required by *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The state initially responds that Gaither has procedurally defaulted this claim by failing to raise it on administrative appeal. The record, however, does not support this contention, and furthermore, the state has waived reliance on procedural default by affirmatively representing before the district court that Gaither did in fact exhaust his administrative remedies as to this claim. *Hernandez v. Cowan,* 200 F.3d 995, 997 (7th Cir.2000).

■ Nevertheless, we find no merit to Gaither's argument that there is insufficient evidence to support his battery conviction. The "some evidence" standard requires only that the decision not be arbitrary or without support in the record. *Hill,* 472 U.S. at 457, 105 S.Ct. 2768. Here, the conduct report and the supporting statements of two officers indicate that Gaither threw punches at two other inmates. This is enough evidence to support a finding of battery or at the least, of attempted battery, which is considered by Indiana's Adult Disciplinary Procedures (Appendix I) to be the same as actual commission of the offense. *See McPherson,* 188 F.3d at 786 (officer's disciplinary report alone provided "some evidence" to support the CAB's decision).

Gaither next maintains that he did not receive adequate notice of the nature of the charges against him because the notice he received charged him with rioting and not battery. This argument was not raised in Gaither's habeas petition, however, and is therefore waived. *Perry v. Sullivan,* 207 F.3d 379, 383 (7th Cir.2000). And even absent waiver, Gaither's argument would fail, the notice Gaither received notified him of the underlying facts on which the charges were based, which is all that is constitutionally required. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 362 (7th Cir.1992).

■ Finally, to the extent Gaither claims that the reviewing authority did not comply with the Indiana Department of Corrections' disciplinary code, this argument is not cognizable on federal habeas corpus review. Federal habeas corpus relief does not lie for errors of state law. *Koo v. McBride,* 124 F.3d 869, 874 (7th Cir.1997).

For the reasons stated above, the decision of the district court is AFFIRMED.