**Rixson PERRY, Plaintiff–Appellant,**

v.

**GLOBE AUTO RECYCLING, INC.,
et al., Defendants–Appellees.**

No. 00–4238.

United States Court of Appeals,
Seventh Circuit.

Submitted July 23, 2001.*

Decided July 25, 2001.

Before Hon. BAUER, Hon. COFFEY,
and Hon. WILLIAMS, Circuit Judges.

ORDER

Broadly stated, the issue presented in this case is whether Rixson Perry's notice of voluntary dismissal under Rule 41(a)(1) effected a "final decision" such that 28 U.S.C. § 1291 confers appellate jurisdiction. Because Perry's voluntary dismissal was without prejudice, there has not been a final judgment and we therefore dismiss the appeal for lack of jurisdiction.

In 1998 Perry filed this case, now on appeal for the second time, as the latest in a series of cases he brought to challenge an Arlington Heights ordinance regulating the seizure of abandoned vehicles.[1] *See Perry v. Globe Auto Recycling, Inc.,* 227 F.3d 950, 951–52 (7th Cir.2000). The district court dismissed the case on *res judicata* grounds, and we reversed on appeal for reasons not relevant here. *See id.* at 953–54. After the case was remanded, on October 30, 2000, two days before a scheduled status hearing, Perry filed a notice of voluntary dismissal pursuant to Rule

---

\* After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a).

1. As we have previously observed, "Rixson Perry is a well-known user of this court's services." *See Perry v. Globe Auto Recycling, Inc.,* 227 F.3d 950, 951–52 (7th Cir.2000); *see also Perry v. Sheahan,* 222 F.3d 309 (7th Cir. 2000); *Perry v. Sullivan,* 207 F.3d 379 (7th Cir.2000); *Perry v. Village of Arlington Heights,* 186 F.3d 826 (7th Cir.1999); *Perry v. Pogemiller,* 16 F.3d 138 (7th Cir.1993); and

*Perry v. Federal Bureau of Investigation,* 759 F.2d 1271 (7th Cir.1985), on rehearing *en banc,* 781 F.3d 1294 (7th Cir.1986). On May 21, 2001, we entered an order pursuant to *Support Systems Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir.1995) (per curiam), restricting Perry from making any civil filings until he pays the $1,500 sanction levied against him for filing frivolous motions. We emphasize that the *Mack* order remains in effect, and we consider this appeal only because all the necessary filings were made before the effective date of the order.

41(a)(1). Under that rule, "an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first." Fed.R.Civ.P. 41(a)(1)(i). On November 1, 2000, Perry did not show up for the status hearing and the district court entered the following order:

> Plaintiff did not appear for the status hearing. Pursuant to plaintiff's notice of dismissal, this case is dismissed without prejudice pursuant to FRCP 41(a)(1). Defendants are given to 11/15/00 to file any objections to this dismissal. This dismissal order is stayed until 11/15/00.

The record indicates that the defendants did not file any objections, and the district court entered no other orders in the case. Perry then filed this notice of appeal.

On appeal, Perry argues that as soon as he filed his notice of dismissal with the clerk's office, the case automatically terminated and the district court therefore had no authority to stay the dismissal. Perry Br. at 6. We do not reach the merits of Perry's claim, however, because a voluntary dismissal without prejudice is not a final appealable order under 28 U.S.C. § 1291. *See West v. Macht*, 197 F.3d 1185, 1187–88 (7th Cir.1999); *LeBlang Motors Ltd. v. Subaru of America*, 148 F.3d 680, 688 (7th Cir.1998); *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1023 (7th Cir.1991). Perry apparently assumes that a voluntary dismissal under Rule 41(a) is with prejudice, and thereby a final judgment that may be appealed. But a voluntary dismissal under Rule 41(a)(1) is presumed to be without prejudice unless otherwise stated. Nothing in the district court's order suggests that dismissal was intended to be with prejudice. Because the voluntary dis-

missal is not a final appealable order, we have no jurisdiction to hear Perry's appeal.

The appeal is DISMISSED.