Timothy L. MACK, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Defendant–Appellee.

No. 01–1087.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 12, 2001.*

Decided Oct. 12, 2001.

Before COFFEY, KANNE, DIANE P. WOOD, Circuit Judges.

ORDER

Timothy Mack appeals the denial of a motion to reconsider a judgment that, based on *res judicata,* barred his claims alleging violations of the Americans with Disabilities Act. 42 U.S.C. § 12101 *et. seq.* Because Mack's motion for reconsideration sought relief outside the scope of Rule 60(b) of the Federal Rules of Civil Procedure, we affirm the district court's denial of reconsideration.

In 1997, Mack sued his employer, State Farm, for various ADA violations. The district court granted summary judgment for State Farm, and we affirmed. *See Mack v. State Farm Mut. Auto. Ins. Co.,* No. 99–2315, 2000 WL 52888, 210 F.3d 375 (7th Cir. Jan. 21, 2000)(unpublished). In October 1999, Mack again sued State Farm for ADA violations. A magistrate judge recommended that the summary judgment for State Farm in the prior case preclusively barred Mack from relitigating those claims in the present lawsuit. On November 8, 2000, the district court rejected Mack's timely objections, adopted the magistrate judge's recommendation, and dismissed the suit.

Nearly three weeks later, Mack moved to reconsider the judgment on grounds that the court had erroneously applied the doctrine of *res judicata.* Because Mack filed the motion more than 10 days after judgment, the district court properly construed the motion as brought under Rule

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

60(b). *See Bell v. Eastman Kodak Co.,* 214 F.3d 798, 800 (7th Cir.2000). The district court denied the motion because Mack sought relief based on alleged legal errors, which the court perceived as an impermissible ground for relief under Rule 60(b). On January 10, 2001, Mack filed a notice of appeal. By this time, however, the 30 day period during which Mack could appeal the underlying dismissal had lapsed. We later confirmed in a separate ruling that Mack's appeal was limited only to a review of the district court's denial of the motion to reconsider. We review that denial for an abuse of its discretion. *See Publicis Communication v. True North Communications, Inc.,* 206 F.3d 725, 730 (7th Cir.2000).

On appeal Mack renews his argument that *res judicata* was improperly applied because the claims in the two lawsuits are different. This argument, however, overlooks the scope of our review: as we stated in our earlier order, the appeal is limited to a review of the district court's order denying reconsideration. Mack seeks to set aside the underlying judgment based on his assertion of legal error, but this is not a proper use of Rule 60(b). Rule 60(b) provides relief from judgments arising from special circumstances; it not a vehicle for correcting putative errors of law. *See, e.g., Russell v. Delco Remy Div. of General Motors,* 51 F.3d 746, 750 (7th Cir.1995). The rule allows relief based only on grounds that could not have been used to obtain relief through direct appeal. *See Bell,* 214 F.3d at 801. For example, the rule permits relief for errors attributable to mistake, inadvertence, fraud, newly discovered evidence, or void judgments. *See* Fed.R.Civ.P. 60(b). Because Mack's motion did not seek relief on such grounds, the district court did not abuse its discretion in denying the motion as outside the scope of Rule 60(b).

Finally, Mack raises two new arguments in his appeal that he did not raise in his motion to reconsider. First, Mack argues that State Farm implicitly consented to proceed with the second suit. Second, Mack argues that fraud tainted the previous judgment and he should, therefore, receive relief from the second judgment. Issues not raised before a lower court, however, are waived. *See Perry v. Sullivan,* 207 F.3d 379, 383 (7th Cir.2000).

Accordingly, the district court's denial of the motion to reconsider is AFFIRMED.